Hammond v. Gordon.

HAMMOND *et al.* v. GORDON *et al.*, *Appellants.*

1.   Sheriff's Deed : PRESUMPTION : SEAL : ACKNOWLEDGMENT : EVIDENCE. A certificate of acknowledgment of the clerk of the circuit court, indorsed on a sheriff's deed, stated that it was given under his hand and seal of office, and it was otherwise formal, except that the seal of the court was not attached to the certificate of acknowledgment, as should have been done. The deed was fifty years old, and the defendants, and those under whom they claimed, had been in possession of the land in suit for forty years. The certified copy of the deed offered in evidence was

made ten years before suit was brought, and indicated that the record shows a seal. *Held*, that the court should have presumed that the clerk did attach the seal, and this, although the seal used by him was a metallic one, and although two expert witnesses gave it as their opinion that the seal was not attached.

2. —— : ——. Presumptions are constantly made in support of the official acts of public officers.

*Appeal from St. Louis Court of Appeals.*

REVERSED AND REMANDED.

*J. B. Henderson, Jas. M. Lewis* and *F. J. Donovan* for appellants.

*D. T. Jewett* for respondents.

BLACK, J.—The titles of the respective parties to this suit in ejectment are the same as in the case of *Hammond v. Johnston, ante,* p. 198. The judgment of the circuit court was, however, in this case, for the plaintiffs, and defendants appealed. In this case, the defendants offered in evidence a certified copy of the sheriff's deed to Relfe and Chew, dated November 4, 1823, based on a sale made on October 8, 1823, under an execution against Samuel Hammond. The copy was objected to, on the ground that the original had not been accounted for. The court sustained the objection, and the copy was excluded. The copy, like the original, was primary evidence, and the court erred in excluding it. This question was sufficiently considered in the case just mentioned.

The defendants then offered in evidence the original deed, to which plaintiffs objected: (1) because the clerk of the St. Louis circuit court had not attached the seal of the court to his certificate of acknowledgment endorsed on the deed; (2) because the deed was void for uncertainty in the description of the premises. These objections were sustained, and the deed excluded. The second of these objections was considered in the case before cited, and it only remains to consider the

first.   The certificate of acknowledgment, as it appears from the certified copy, is formal, and concludes as follows:

"Given under my hand and seal of office at St. Louis, this twenty-seventh day of January, 1824.

"[Seal.]        ARCHIBALD GAMBLE, Clerk."

The certificate of acknowledgment endorsed on the original is the same, except that it does not show a seal of the court.

We have held, on several occasions, that the recorder is not required to copy the seal made by the officer taking the acknowledgment; and that a statement in the body of the certificate, as shown by the copy, that the officer who made it affixed the seal of the court, or of his office, authorizes the presumption that the seal was affixed.  *Geary v. The City of Kansas*, 61 Mo. 379 ; *Norfleet v. Russell*, 64 Mo. 177 ; *Addis v. Graham*, 88 Mo. 199 ; *Parkinson v. Caplinger*, 65 Mo. 290.   Presumptions are constantly made in support of official acts of public officers.   Stephens, in his Digest of the Law of Evidence, article 101, states the rule broadly as follows: "When any judicial or official act is shown to have been done in a manner substantially regular, it is presumed that formal requisites for its validity were complied with."   The same author, at article 87, gives this additional rule : "When any document purporting to be, and stamped as a deed, appears, or is proved to be, or to have been, signed and duly attested, it is presumed to have been sealed and delivered, although no impression of a seal appears thereon."

Where authority is given to officers to make sale of lands, and they are required to observe certain formalities in their proceedings, the lapse of time (sometimes said to be thirty years) raises a presumption that the legal formalities were observed.  *Freeman v. Thayer*, 33

Me. 76; 1 Greenl. on Evid. [14 Ed.] sec. 20. Especially is this true when possession accompanied and followed the deed. *Osborne v. Tunis*, 1 Dutch. [N. J.] 646. Where it appears from the records and evidence that a public administrator had made a deed, and received the purchase money, it was held that a presumption arose that he had done his duty, namely, delivered the deed to the purchaser. *Long v. Joplin Mining & Smelting Co.*, 68 Mo. 431.

By the law in force when this deed was made, it was the duty of the clerk to endorse upon the deed the acknowledgment under the seal of the court, and to make an entry upon the minutes showing and giving a description of the lands sold, the purchase money, and the names of the parties to the suit. He did make the entry, and while this entry does not, under our rulings, supply the place of a certificate on the deed, still it shows regularity in the proceedings. The certificate was endorsed on the deed. The deed was made fifty years ago, and the defendants, and those under whom they claim, have been in possession of the property for at least forty years. The certified copy offered in evidence was made some ten years before the commencement of this suit, June 20, 1863, and that indicates that the record shows a seal, and there is no intimation that it is not a correct copy of the record. Under these circumstances we hold that the court should have presumed that the clerk did attach the seal to the certificate, as he says in it he did; and this, too, though the seal used by the clerk was a metallic one, and though a couple of experts gave it as their opinion that the seal was not attached. The impression, though made by a metallic seal, was liable to become obliterated from the long lapse of time and use of the document. If a case can be conceived where a presumption of this character should be made in order to uphold, rather than strike

down, acts of public officers, this is one. There is, certainly, a general disposition on the part of the courts to uphold such official acts, and here the circumstances are strongly in favor of the fact that the seal was attached.

What we said on other questions in the other case need not be repeated here. The judgment is reversed and the cause remanded. All concur.