# THE STATE ex rel. SHANNON COUNTY, Appellant, v. HAWKINS et al.

### Division Two, October 27, 1902.

1. **Appellate Jurisdiction:** REVENUE LAWS: COUNTY AS A PARTY. The appeal is to the Supreme Court if the cause involves a construction of the revenue laws, and also if a county is a party to the action.

2. **County Collector's Settlement:** RES ADJUDICATA. A settlement by the collector with the county court, in which he is allowed certain commissions on back taxes collected, is binding and conclusive in the absence of fraud, collusion or mistake, whether the court erred in allowing that commission or not.

3. ———: COUNTY COLLECTOR'S COMMISSIONS ON DELINQUENT TAXES. The commissions allowed by section 9260, Revised Statutes 1899,

should be considered full compensation for collecting all taxes "except back taxes," but as to back taxes the collector should be allowed, in addition to the commissions allowed by section 9260, certain other extra fees prescribed by section 9309 as costs which the delinquent taxpayer must pay to recompense the collector for the extra labors and duties which the collection of delinquent taxes imposes.

4. ———: COUNTY COURT: PERFORMANCE OF DUTIES: PRESUMPTION. The law presumes that the county court, like other officers, will do its duty, and refuse credit on the collector's lists until it is satisfied that he has exhausted his remedies against the personalty of delinquent tax payers.

Appeal from Shannon Circuit Court.—*Hon. W. N. Evans,* Judge.

AFFIRMED.

*W. R. Shuck* and *James Orchard* for appellant.

The court erred in finding for the defendant and finding that he was entitled to any commission out of the amount collected as back taxes other than the penalty prescribed. Sec. 9260, R. S. 1899. Upon this section he retains five per cent on current taxes. The exception is only as to back taxes. And upon back taxes the collector shall receive commission which shall be added to the face of the tax bill and collected from the party paying such tax as a penalty, in the same manner as other penalties are collected and enforced. R. S. 1899, p. 2148. Evidence shows amount collected in back taxes for 1888 was $203, this being over five per cent on collection of $3,500; deducting $68, leaving a balance due county of $145 for 1888, which amount the county court was entitled to on settlement of collector. There is evidence of but one settlement being made and that was for 1897. Even if the order of the county court receiving settlement for 1897 precludes the collection, as decided in the State ex rel. v. Shipman, 125 Mo. 436, we then rely upon the

amount found due by county court for 1888 and for these reasons we think the court erred and the cause should be reversed.

*L. B. Shuck* and *W. J. Orr* for respondents.

Section 9309, Revised Statutes 1899, is: "Fees shall be allowed for services rendered under the provisions of this chapter as follows: To the collector, except in such cities, four per cent on all sums collected; in such cities two per cent on all sums collected, such per centum to be taxed as costs and collected from the party redeeming. To the county clerk for making the back-tax book, twenty-five cents per tract, to be taxed as costs and collected from the party redeeming such tract. To the circuit clerk, justice of the peace, sheriff and printer such fees as are allowed by law for like services in civil cases which shall be taxed as costs in the case provided that in no case shall the state, county or city be liable for any such costs, nor shall the county court or State Auditor allow any claim for any costs incurred by the provisions of this chapter." It is contended by appellant that the fees allowed the collector under this section are in lieu of commissions under section 9260, supra. The trial court held otherwise, hence this appeal. Respondent's contention is that section 9260 deals alone with commissions to be retained by the collector out of the revenues collected by him, while section 9309 deals alone with costs and not with commissions. The commissions allowed by section 9260 are to be deducted from the taxes collected. The costs provided for in section 9309 are added to the taxes and interest, and are paid by the party redeeming.

GANTT, J.—This appeal is properly lodged in this court because it involves the construction of the revenue laws of this State and because the county of Shannon is also a party to the action.

The action is on the bond of the county collector to recover the penalty of his bond, $30,000, to be satisfied by an execution for $420.27, which sum the petition charges the collector failed and refused to account for at his final and surrendering settlement of revenues by him collected in 1897 and 1898. The answer denied all the allegations of the petition, and affirmatively pleaded a final settlement in 1898 of his accounts as collector for 1897, and its approval by the court, and that in 1899 he submitted and filed with the county court his settlement for the year 1898 and paid into the county treasury all moneys due from him as collector.

I. This action requires at our hands a construction of sections 7640 and 7688, Revised Statutes 1889, now sections 9260 and 9309, Revised Statutes 1899. Defendant Hawkins was elected in 1896 and was collector of revenue for Shannon county for 1897 and 1898.

Subdivision 5 of section 7640, Revised Statutes 1889, governs the amount of commissions allowed the collector of Shannon county for those years. Owing to the amount of revenue collected he was entitled to a commission of five per cent on all current taxes for these years, which amount he was authorized to deduct from the amount of revenue collected for those years, and required to pay the balance to the state and county. The record discloses that he fully accounted for all current revenue for each of said years and retained only his five per cent commissions thereon. It also appears that the defendant Hawkins and the county court, at the March term, 1898, had a full settlement of his accounts of the revenue collected by him in 1897, and with full knowledge of his claim for $216 commissions on back taxes collected by him that year, the court allowed him that credit. There is no charge of fraud or collusion in the case.

Whether the court erred in allowing that commission on back taxes for that year, the settlement is binding and con-

clusive in the absence of fraud, collusion or mistake. [State ex rel. v. Ewing, 116 Mo. 129; State ex rel. v. Shipman, 125 Mo. 436.] The items of $216 is no longer in the case.

II. The only question remaining is whether the collector was and is entitled to retain the commission of four per cent, amounting to $203, on back taxes collected in 1898.

Section 7640, Revised Statutes 1889 (section 9260, Revised Statutes 1899) provides: "The collector shall receive as full compensation for his services in collecting the revenues, *except back taxes,* the following commissions." The section then fixes the rate according to the amount of revenue collected, and as already said, Shannon county fell in the fifth subdivision, which fixed his commission at five per cent.

When defendant's final settlement for the taxes of 1898 came on for approval, he claimed a credit of $203, or five per cent on the amount of the back taxes collected by him in 1898. The county court, under the advice of the prosecuting attorney, refused to allow him this five per cent on back taxes. He refused to pay that amount into the treasury and the county brought this suit. The circuit court adjudged that he was entitled to said commission, and the county appealed.

The contention of the county is that *the fees* allowed collectors for services rendered under the back-tax law of 1877 (sec. 9309, R. S. 1899, sec. 7688, R. S. 1889) are in lieu of *all* other compensation, and that the collector is not entitled to any commission from the State or county, but must get his compensation out of the *fees* which the law requires the delinquent taxpayer to pay.

The question is one of construction entirely. Plaintiff construes section 7640, Revised Statutes 1889, or 9260, Revised Statutes 1899, as excluding back taxes altogether

from its provisions, whereas defendant gives it the much more natural construction that the commissions therein provided shall be "full compensation" for his services in collecting the revenues *"except back taxes"* for which he is allowed certain other compensation as costs which the delinquent taxpayer must pay to recompense the collector for the various extraordinary steps he is required to take to collect delinquent or back taxes.

Reading the two sections together, as we must to arrive at the intention of the Legislature, it seems to us that section 9260 deals *alone with the commissions* to be retained by the collector out of revenues collected. Section 9309 deals with the *costs* allowed him for his *extra* services in addition to his commissions, and these are to be paid by the delinquent, and the collector is allowed only four per cent. Otherwise we would have the result in Shannon county that the State freely allows the collector five per cent for merely receiving and paying over taxes which the taxpayer tenders, but allowing him nothing by the State or county for collecting delinquent taxes at the end of a lawsuit, and after making out various delinquent lists and performing other duties, in enforcing payment.

Under appellant's construction, collectors whose commissions are fixed at five per cent and over would get less for collecting back taxes, with all the extra labor imposed by the statute, than they would receive for current taxes, a result we can not believe the Legislature ever intended. The general policy of the State, from 1871, at least, to this time, has been to offer collectors extra compensation as an inducement to bring in delinquent taxes.

This is so in any event as to those collectors whose commissions, under section 9260, are less than four per cent, as they get more for back taxes even as costs than they do for current taxes.

Another reason suggested by counsel for defendant is quite persuasive, and it is this: the State and county·allow the collector commissions at different rates of per cent in proportion to the amount collected, and this merely for receiving and paying over the taxes, but when we come to these costs and fees, they are at the same rate, whether the amount is one thousand dollars or one million——which we think demonstrates that this fee is allowed for extra labor and not in lieu of that commission which the State has agreed to allow her collectors out of all taxes which they collect, whether current or back taxes.

So far as the State is concerned, she pays no more and no less on either kind, but she visits upon the delinquent a penalty and allows that in addition to the collector who must necessarily render extra services.

As to the argument that such a construction·as this would offer a premium on negligence and an inducement to return taxes delinquent, we agree with respondent that this ignores the ordinary presumption that every officer does his duty, and leaves out of consideration the checks and balances placed in the hands of the county courts to refuse credit on the collector's lists until they are satisfied he has exhausted his remedies against the personalty of the delinquents.

We think the circuit court correctly ruled that the commissions allowed by section 9260, Revised Statutes 1899, *should be full* compensation for collecting *all* taxes, *except back taxes,* and as to the latter they should receive the extra fees which their extra labors and duties imposed upon them.

·The judgment is affirmed.    All concur.