STATE ex rel. TOMPKINS et al., Respondents,
v. HARRIS, Judge County Court, et al., Appellants.

Springfield Court of Appeals, January 14, 1922.

1. **ANIMALS: Stock Law Election Order on Separate Petitions, Treated as One, Held Valid.** Where five petitions on file were signed by a sufficient number of householders of the county, asking an election to determine whether stock should be restrained from running at large, as provided by Revised Statutes 1919, chapter 27, article 5, the county court had authority to call an election, though the petitions were filed at different times and no one of them contained a sufficient number of names; it being proper to treat all of them as one.

2. ————: **Stock Law Election Order for County Held not Invalidated by Recitals as to Township Petitions.** An order by the county court calling an election to determine whether stock should be restrained from running at large in the county, as provided by Revised Statutes 1919, chapter 27, article 5, was valid, though it recited that the election was called on petitions filed on a date on which petitions were filed for elections in certain townships only, where the rest of the order was entirely consistent with the fact that the court acted on petitions theretofore filed, asking for an election in the whole county.

3. ————: **Memorandum Held Sufficient for Nunc Pro Tunc Order for Stock Law Election.** Though no order was actually made by the county court calling an election to determine whether certain stock should be restrained from running at large, as provided by Revised Statutes 1919, chapter 27, article 5, until after the election and after the issuance of a writ of *certiorari*, an order, with the papers relating to the election in the county clerk's office, in exactly the same language as that contained in the clerk's return on *certiorari*, except that it did not enumerate any animals, was a sufficient memorandum of the court's action on which to base a *nunc pro tunc* order after the election.

4. ————: **County Clerk's Testimony Held Admissible in Support of Stock Law Election Order Returned on Certiorari.** On *certiorari* questioning the validity of an election to determine whether stock should be restrained from running at large in the county, as provided by Revised Statutes 1919, chapter 27, article 5, where the clerk of the county court was permitted to testify in

support of the contention of the relators that the court, in calling the election, acted on certain township petitions on file on the date given in its order as that on which the petitions on which it was made were filed, and that petitions for the whole county were on file on the preceding day, defendants could show by him that all the petitions were before the court and that he picked up the wrong petition, from which he got the wrong file date, when he wrote up the order.

5. **EVIDENCE: Doubts Resolved in Favor of Validity of Court's Order, if Sufficient Records Before it to Justify Same.** Though actions of county courts must speak from their records, all doubts as to the meaning of an ambiguous order should be resolved in favor of the proposition that they were acting rightfully and within the law, if they had sufficient records before them to justify the order.

Appeal from Circuit Court of Dunklin County.—*Hon. W. S. C. Walker,* Judge.

REVERSED AND REMANDED (*with directions*).

*McKay & Jones* and *Orville Zimmerman* for appellant.

(1) The court erred in not sustaining appellants' motion to quash the writ of *certiorari*. *Certiorari* will not lie in the case at bar because *certiorari* only goes to reach judicial actions and cannot be used to interfere with the exercise of legislative or ministerial functions of a court. State ex rel. v. Dawson, 225 S. W. 97; State ex rel. v. County Court, 237 Mo. 469. In the Matter of Saline County, 45 Mo. 52; State ex rel. v. Harrison, 141 Mo. 12; State ex rel. v. Casey, 210 Mo. 245; Sec. 780, R. S. 1909. (a) Even, conceding *certiorari* will lie in such a cause, such proceedings only bring up for review the record proper and matters *de hors* the record cannot be entered into. Ward v. Board of Equalization, 135 Mo. 319; State ex rel. v. Board of Equalization, 108 Mo. 242. State ex rel. v. Baker, 170 Mo. 390; State ex rel. v. Smith, 173 Mo. 414; State ex rel. v. Wiethaupt, 254 Mo. 329; In re Breck, 252 Mo. 327; State ex rel. v. Broaddus, 245 Mo. 144; State ex rel. v. Doodrich, 257

Mo. 50; School District v. Yates, 161 Mo. App. 114; State v. Gilbert, 164 Mo. App. 143. (b) The fact that the petition in this cause consisted of more than one paper, does not invalidate the proceedings. Sec. 780, R. S. 1909; State ex rel. v. Weeks, 38 Mo. App. 566; State v. Smith, 38 Mo. App. 620; State v. Hitchcock, 124 Mo. App. 103; State ex rel. v. Simms, 201 S. W. 911; O'Laughlin v. Kirkwood, 107 Mo. App. 302.

*Smith & Seed* for respondents.

(1) Respondents are entitled to a writ of *certiorari* in the case at bar becuase the action of the county court in finding for or against petitioners was a judicial action and a writ of *certiorari* has been brought before this court numerous times upon questions of this kind. State ex rel. v. Forrest, 177 Mo. App. 252; State ex rel. v. Wilson, 129 Mo. App. 242; State ex rel. v. Johnson, 138 Mo. App. 306; State v. Ross, 177 Mo. App. 223; State v. Heege, 37 Mo. App. 338; State v. Dykeman, 153 Mo. App. 418. (2) Where the return to the writ of *certiorari* fails to deny any of the allegations in the application for the writ itself the right to institute the proceeding by *certiorari* will be conclusively presumed on appeal. (3) Respondents may contradict the return to show that it is incomplete and may introduce any documents or papers called for in the return but which are not contained in the return made by the court. State ex rel. v. Ellison, 220 S. W. 498; State ex rel. v. Ellison, 191 S. W. 49; State ex rel. v. Ellison, 176 S. W. 11; State ex rel. v. City of Kansas, 89 Mo. 34; State ex rel. Robertson, 188 S. W. 101; State ex rel. v. City of St. Louis, 67 Mo. 113; State ex rel. v. Ellison, 195 S. W. 722; State ex rel. v. Robertson, 197 S. W. 79; 22 University of Missouri Bar Bulletin, No. 9, page 35. (4) The court did not err in finding that election was called on petition of September 4, 1920, and quashing the record returned by the county court. The county court being an inferior court of limited powers its jurisdiction to call and

hold an election must affirmatively appear by some part of the record of its proceeding or its action must be annulled. State ex rel. v. Forrest, 177 Mo. 252; State ex rel. v. Dunker, 150 Mo. App. 403; State ex rel. v. Heege, 37 Mo. App. 338; State ex rel. v. Cawthorn, 40 Mo. App. 94; State ex rel. v. City of Neosho, 57 Mo. App. 192.

FARRINGTON, J.—This is an appeal from the judgment of the circuit court of Dunklin county growing out of a *certiorari* proceeding directed to the judges of the county court of Dunklin county, in which the validity of the proceedings of such court is drawn in question concerning its action in calling an election to determine whether said county would adopt the law relating to the restraining of domestic animals from running at large in said county, as provided by article 5, chapter 27, Revised Statutes of Missouri of 1919.

For the purpose of this decision, we will assume that the relators proceeded properly to test the validity of the action of the county court relating to its action and findings concerning the petitions filed by the householders of Dunklin county, Missouri, asking that stock be restrained under the provisions of the law relating to that subject under article 5, chapter 27, Revised Statutes of Missouri of 1919.

After sifting aside the many questions concerning jurisdiction and practice, the sole question upon which this case must be determined, and the one on which it was determined in the judgment of the circuit court, is whether or not there was any petition on file before the county court upon which it could make the order calling for the election. The record shows that the county court found that a sufficient number of householders of Dunklin county had filed proper petitions asking that an election be called for the purpose of determining whether horses, mules, asses, cattle, swine, sheep and goats should be restrained from running at large in Dunklin county, Missouri.

The record brought up before us, which included the record of the county court, certified to the circuit court under the writ of *certiorari,* shows that all proper steps were taken both before and subsequent to the election provided the court had before it petitions sufficient to base the order of election on. That this may be made more apparent, we will state that there were five petitions on file in the county court, signed by a sufficient number of householders of said county, asking that horses, mules, asses, cattle, swine, sheep and goats be restrained from running at large in Dunklin county. All of these petitions were in exactly the same form and were filed with the clerk of the county court at different times, beginning in May, 1920, the last one being filed on September 3, 1920, that is to say, there were sufficient petitions on file on September 3, 1920, to give the county court authority to call for an election to be held to determine whether the animals above named should be restrained in Dunklin county at an election to be held. That all of these petitions could be treated as one we have no doubt. Authorities cited by appellants sustain that holding, and no authorities to refute it are cited by the respondents.

It also appears from the record before us that there were three other petitions filed in the county court signed by a hundred or more householders in the Townships of Freeborn, Cotton Hill and Union, of Dunklin county, Missouri, petitioning the county court for an election to vote on the question of restraining horses, mules, asses, cattle, goats, swine, sheep and *"domestic geese"* (italics ours) from running at large in those townships in Dunklin county, and these petitions were filed on September 4, 1920. These latter petitions were not returned by the county court as a part of its records pertaining to the election called for the whole county. The trial court permitted these to be introduced in evidence, and in view of the fact that the petitions filed on September 4, 1920, were called for in the writ of *certiorari* and were not named in the return would permit the relator in the

circuit court to introduce them in evidence at least for the purpose of determining whether the county court was acting on such petitions when it made its order of election for the whole county, and recited therein that it was done on petitions filed on September 4, 1920, and in view of the further fact that the return of the county court to the writ of *certiorari* did not return any petitions shown to have been filed on September 4, 1920, although the order designated the petitions as filed on that date.

The trial court held (and that is the sole question of importance in this case to be determined here) that in view of the fact that the order of the county court, in calling the election for the whole county, recited that it was done on petitions filed on September 4, 1920, and in view of the fact that there were no petitions filed on September 4, 1920, which would permit an order of election for the whole county, and in view of the further fact that there were petitions calling for the restraining of animals in certain townships in Dunklin county which were filed on September 4, 1920, that the county court was in fact basing its order on the petitions filed on September 4, 1920, which in no way justified the calling of an election in other than three townships of said county, and that, therefore, the county court being without jurisdiction on account of a failure in having a petition before it petitioning for an election for the whole county to order an election of the whole county, such order was void. This decision of the court would undoubtedly be correct provided the date called for in the order as of September 4, 1920, limited the identity of the petition upon which the court was acting when it called this election.

We do not believe that the mere statement in the order that it was acting on the petitions filed September 4, 1920, conclusively shows that it was acting upon a petition filed as of that date when the rest of the order made shows that it could not have been acting upon the petitions filed on September 4, 1920, which related only

to three townships in the county, whereas there were on file in the county court on September 4, 1920, petitions which would justify the making of this order as to the whole county under the petitions filed before them on September 3, 1920, and which necessarily were on file the day after, which was September 4th. The order made in this case calling the election was made on September 10, 1920, some seven days after the petitions asking for an election of the whole county, and some six days after the petitions asking for an election in the three townships were filed. Aside from the fact that the order recited that it was acting upon petitions filed on September 4, 1920, the order is entirely consistent with the fact that they were acting upon the petitions the last one of which was filed on September 3, 1920; that is to say, these petitions asked for an election to determine whether animals would be restrained in the whole county, and the order which was made calls for an election in the whole county. The animals enumerated in the petitions filed on September 4, 1920, were the same as those enumerated in the petitions which were filed on September 3, except that the petitions which were filed on September 4, called in the record the three township petitions, asked in addition that geese be restrained, while the order made by the court on September 10, calling for the general election in the county, made no mention of restraining geese. While it is true that they would probably be restrained under either petition, as is contended by the respondents here, yet the fact that they are not mentioned by the county court is some evidence of which petition the court had before it and was actually considering when it made its order for a general election, which order was made on September 10.

It is contended by respondents that there was no order actually made and written up in this case by the court in fact until long after the election, and in fact after the writ of *certiorari* had been issued. It was shown, however, that an order in exactly the same lan-

guage as the order contained in the return by the county clerk to the circuit court, with the exception that it did not enumerate any animals whatever, was with the papers relating to the election proceedings in the county clerk's office from September 10th on. This paper would be a sufficient memorandum of the action of the county court on which to base a *nunc pro tunc* order, which was exactly the same as the one prepared on September 10th with the exception that it did not enumerate the classes of animals to be restrained. We hold that this paper was sufficient to base the *nunc pro tunc* order on, under the following authorities cited by appellants. [Thaler v. Neidermeyer, 186 Mo. App. l. c. 254, 170 S. W. 383; Lindsey v. Nagel, 157 Mo. App. l. c. 137, 137 S. W. 912.]

Over the objection of the appellants here the respondents put the clerk of the county court on the stand and the court permitted him to testify that there were on file in his office the three petitions constituting the petitions for the enforcement of the stock law in the three townships, and that they were filed on September 4, 1920; and at the time they were filed there were already on file the petitions asking for the enforcement of the stock law in the whole county; and that there were no other petitions on file than the ones which we have heretofore set out, the last one being filed September 3, 1920, asking for enforcement of the stock law for the whole county, and no others on file than the three asking for enforcement for the three townships, which were filed Sepember 4, 1920. Appellants undertook to show by him that when the county court made the order of September 10, going to the whole county that it (the county court) said: "We don't want to order an election on the three township petitions." We doubt whether the clerk could testify to what the court said when it took up this matter to determine on the day that it made the order, but we are of the opinion that when he was placed on the stand by the respondents here to show that the three township petitions were on file on September 4, and that five petitions for the whole county were on

file in his office on September 3, then the appellants might by him show that all of the petitions were before the court on September 10, that he picked up the wrong petition and got the wrong file date from it when he undertook to write up the order for an election in the whole county. Aside from this, however, we are convinced that there is sufficient in the order which was made September 10, calling an election in the whole county, to show that the court was acting upon the petitions asking for enforcement of the stock law in the whole county, and the mere fact that the order recited that they were acting on petitions filed September 4th would not justify a finding that the court was acting on no petitions at all in calling an election for the whole county, when it is shown that there were on file before it for action petitions, in proper form, asking for an election for the whole county. To make this plainer, suppose there had been no petitions whatever filed for the three townships, or in fact any other petitions on file in the county clerk's office relating to an election to enforce the stock law except those which were filed September 3, and then the court had taken up the question on September 10 and had ordered an election for the whole county but had recited that it was on a petition filed September 4, it would be very clear than that where everything else in the order showed that the petition they were acting on in making the order corresponded with the petition which was on file on September 3; that they were in fact acting upon such petition actually on file in the office, having been filed September 3.

While we are aware of the fact that actions of county courts must speak from their records, their action is entitled to the general principle of law that officers act in accordance with law and rightfully (see Hammond v. Gordon, 93 Mo. 223, 6 S. W. 93, and it has been applied to county courts, see Shannon County, State ex rel. v. Hawkins, 169 Mo. 615, 70 S. W. 119), and where an order which they make is ambiguous in a sense, than if they have sufficient records before them

to justify the order which was made by them, doubt should be resolved in favor of the proposition that they were acting rightfully and within the law.   Here is an order reciting that they are acting on a petition for the whole county, filed September 4, 1920, when in fact there was no such petition filed Septmeber 4, 1920, but the order calls for an election for the whole county when they had before them for consideration petitions asking for restraint in the whole county of certain animals, and the order which was made in all respects does correspond with the petitions which were filed asking for an election for the whole county.   The recitals in the order identify the petitions upon which they were acting in every respect except the date as those of the petitions for the whole county, while everything in the order except the date is inconsistent with the fact that they were basing their order on the township petitions of September 4.   This ambiguity should be resolved in favor of lawful proceeding and rightful acting, which can lead to but one conclusion, and that is that the court, when it made the order calling for the election for the enforcement of the stock law for the whole county, was acting upon a petition which it had before it properly seeking such order, and that being true the action of the county court was proper, and the action of the circuit court in quashing the proceedings of the county court must be held as erroneous.

The judgment and decree of the circuit court quashing the record of the county court in the cause and declaring the stock law election null and void is reversed and the cause is remanded, with directions to enter judgment for appellants.

*Bradley, J.,* concurs.   *Cox, P. J.,* concurs in result.