THE STATE, Appellant, v. O. M. DAVIS, Collector of Revenue of Howell County.—73 S. W. (2d) 406.

Court en Banc, May 17, 1934.

*Roy McKittrick,* Attorney-General, and *Harry G. Waltner, Jr.,* Assistant Attorney-General, for appellant.

*H. D. Green* and *A. W. Landis* for respondent.

GANTT, J.—Action under Section 9934, Revised Statutes 1929, to recover $40.78 alleged to have been illegally withheld by defendant collector as commission for collecting State taxes for 1932. Judgment for defendant, and plaintiff appealed.

The question presented must be determined by a construction of the revenue laws of the State. [State ex rel. Hadley v. Adkins, 221 Mo. 112, 119 S. W. 1091.]

Defendant admits that plaintiff correctly stated the facts as follows:

"The issues involved in this proceeding grow out of Section 9935, R. S. of Mo. 1929, which section provides for a classification of the counties of this state for the purpose of determining the commission which the various county collectors are to receive for the collection of the revenue.

"The respondent herein is the duly elected qualified and acting Collector of Howell County, Missouri, and has been such since the 1st day of March, 1931.

"Each year the County Collector receives from the Clerk certain tax books which contain all of the taxes with which the Collector is charged. Promptly after the 1st day of March of each year the said Collector is required to make an annual settlement with the county court, in which annual settlement the Collector is charged with all revenue for the current year, all delinquent taxes and all railroad taxes, whether delinquent or not. In this annual settlement he is permitted to take credit for all taxes remaining due and unpaid in the various tax books, all transmittals of collections which have been receipted for by the proper treasurers and all sums due him as commissions for making such collections. After such settlement has been made with the county court, the County Clerk is required to forthwith transmit to the State Auditor a copy thereof, this being to permit the State Auditor to check the collections of state revenue.

"The respondent in this case made such a final settlement on the 2d of May, 1933, in which settlement he was charged with Two Hundred Eighteen Thousand Six Hundred Forty-Five Dollars and Forty-one Cents ($218,645.41) for 1932 taxes which is Total No. 1 on said settlement and with One Hundred Thirty-Six Thousand Three Hundred Sixty-two Dollars and Fifteen cents ($136,362.15) as total delinquent taxes for the year 1931 and prior years, which is indicated on such settlement as Total No. 2. By referring to the settlement we find that these two sums have been totaled in the line indicated as '1 plus 2' and amount to Three Hundred Fifty-five Thousand Seven Dollars and Fifty-six Cents ($355,007.56). It is agreed that the total collection of state revenue to which the respondent is entitled to credit is Sixteen Thousand Three Hundred Fifteen Dollars and Sixteen Cents ($16,315.16); that the total of all revenue collected was less than Two Hundred Thousand Dollars ($200,000).

"The respondent, in making his annual settlement hereinbefore referred to, took credit for the sum of Two Hundred Eighty-five Dollars and Fifty-one Cents ($285.51) as his compensation for the collection of the state revenue of Sixteen Thousand Three Hundred Fifteen Dollars and Sixteen Cents ($16,315.16). The Collector in making his computation claimed said compensation as being a commission of one and three-fourths per cent ($1\frac{3}{4}\%$) of the amount collected as provided by Subdivision XI of Section 9935. The State Auditor, in refusing to approve this figure, contends that the Collector is only entitled to charge Two Hundred Forty-four Dollars and Seventy-three Cents ($244.73), said compensation being computed as one and one-half per cent ($1\frac{1}{2}\%$) of the state revenue collected as provided by Subdivision XIII of such Section."

The provisions of said section for consideration in determining the question follow:

"The collector shall receive as full compensation for his services in collecting the revenue, except back taxes, the following commissions and no more: . . .

"XI. In all counties wherein the total amount of all such taxes and licenses levied for any one year exceeds two hundred thousand dollars and is less than two hundred and fifty thousand dollars, a commission of one and three-fourths per cent on the first two hundred thousand dollars collected and two per cent on whatever amount may be collected over two hundred thousand dollars. . . .

"XIII. In all counties wherein the total amount of all such taxes and licenses levied for any one year exceeds three hundred and fifty thousand dollars and is less than two million dollars, a commission of one and one-half per cent on the first three hundred and fifty thousand dollars collected and one-half of one per cent on whatever amount may be collected over three hundred and fifty thousand dollars."

■ It will be noted that in the first paragraph of the section it is provided that "the collector shall receive as full compensation for his services in collecting the revenue, except back taxes, the following commissions and no more." In State ex rel. v. Hawkins, 169 Mo. 615, 70 S. W. 119, it was contended that, by this paragraph, "back taxes" were excluded from the provisions of Section 9935. We ruled to the contrary and held that, under said section, a collector was entitled to compensation for collecting delinquent taxes, to be deducted from the taxes collected, and further compensation under Section 9969, Revised Statutes 1929, for collecting said taxes, to be taxed against the delinquent taxpayer as penalty and costs.

In this situation plaintiff contends that the word "levied" as used in the clause "the total amount of all such taxes and licenses levied for any one year" should be held to mean "charged." If so held, the delinquent taxes charged to the collector in 1932 would be added to the taxes levied for that year, and the compensation of the collector fixed by subdivision XIII of Section 9935 instead of subdivision XI of said section.

■ The word "levy" as applied to taxes has a well-defined and understood meaning. It means the formal order, by the proper authority, declaring property at its assessed valuation, subject to taxation at a fixed rate. [State ex rel. Hamilton v. Hannibal & St. J. Ry. Co., 113 Mo. 297, l. c. 307, 21 S. W. 14.] The clause under consideration is not ambiguous, and the Legislature must have used the word "levied" advisedly. In this connection it should be noted that before taxes become delinquent they must have been current. It follows that the delinquent taxes charged to defendant in 1932 were counted in fixing the compensation of the collector when they were current. Plaintiff seeks to again have said taxes counted in

fixing said compensation. It may be, as contended by plaintiff, that inequalities of compensation occur as between collectors only charged with current taxes and collectors charged with both current and delinquent taxes. If so, this court is without authority to amend the statute by substituting the words "charged and remaining uncollected at the beginning of any year," for the words "levied for any one year." If inequalities of compensation occur, it is a matter for the consideration of the Legislature. Furthermore, the language used being unambiguous, executive construction of these provisions of the statute is not for consideration.

Plaintiff cites State ex rel. Scotland County v. Ewing, 116 Mo. 129, 22 S. W. 476; State v. Ascotin County (Wash.), 140 Pac. 914. Those cases do not authorize a court amendment of the statute. The judgment should be affirmed. It is so ordered. All concur, except *Ellison* and *Hays, JJ.*, absent.