The State, Appellant, v. E. G. Gilmore, Collector of Revenue of Mississippi County.—119 S. W. (2d) 805.

Division One, September 17, 1938.

*Roy McKittrick,* Attorney General, for appellant; *Harry G. Waltner, Jr.,* of counsel.

*J. C. McDowell* and *Oliver & Oliver* for respondent.

1234

HYDE, C.—This case, recently reassigned to the writer, is a proceeding under Section 9934, Revised Statutes 1929, filed by the Attorney General on behalf of the State. Judgment is sought against the Collector of Mississippi County for the State's proportion of fees, alleged to have been retained in excess of the amounts allowed by Section 9935, Revised Statutes 1929, as amended Laws 1933, page 454, and Section 9935A, added Laws 1935, page 406. The trial court found for defendant and dismissed the case. The State has appealed from final judgment of dismissal.

The facts were agreed to be as stated in the pleadings and an additional stipulation. These sufficiently present the question of whether the limitations provided upon the total amount of commis-

sions and fees, which the collector is entitled to retain in any one year, under Section 9935, Revised Statutes 1929, as amended by Laws of 1933 and 1935, includes fees received for the collection of delinquent taxes (allowed by Sec. 9969, R. S. 1929) and fees for collecting merchants' and manufacturers' licenses (allowed by Sec. 10086, R. S. 1929). The amount claimed to be due the State is only $174.94, but the determination of this question involves the construction of the Revenue Laws because excess fees belong to the State and county or municipal corporation as an increment to its revenue. [See State ex rel. Buchanan County v. Fulks, 296 Mo. 614, 247 S. W. 129.] Mississippi County comes within the provision of subdivision ten of Section 9935, Revised Statutes 1929 (as amended Laws 1933, p. 454) ; and it was agreed that if a collector is entitled to retain the 2 per cent commission taxed against the delinquent taxpayer and retain the commission on collection of merchants' and manufacturers' licenses (without regard to specified limitations as to total amount) then respondent has not retained any more fees and compensation than he was entitled to retain. Likewise, if this question is decided adversely to respondent's contention, then the State is entitled to judgment for its proportion of excess fees retained.

Respondent's contention is, as follows:

"Even under the amendment of 1933 it was still clearly the intent of the Legislature to permit the retention of the 2 per cent (collected from delinquent taxpayers) by the collector. The section starts out with an exception of back taxes. It puts them back in subdivision XIV in its fifth paragraph, in so far as large counties and cities are concerned, and the exception permits Section 9969 to stand as it affects small counties. Under subdivision XIV the collector in the large counties and metropolitan cities is authorized to retain the 2 per cent. Subdivision XV expressly exempts the fees authorized in subdivision XIV from the limitations set out in subdivision XV. The same authority to retain the 2 per cent is given the collector in the smaller counties by Section 9969. The entire statute, Sections 9935 as well as 9969, must be read and construed together. It is necessary to give effect to Section 9969 in order to consistently construe the two sections and not take from the small county collector what the Legislature intended should be his without restriction."

However, the original Section 12927, Revised Statutes 1919 (Sec. 9935, R. S. 1929) was construed by this Court en Banc in State ex rel. Buchanan County v. Fulks, 296 Mo. 614, 247 S. W. 129, contrary to respondent's contention. The first sentence of the section provided then, as it did after the 1933 amendment (except that counties paying the collector a salary are now excluded), that "the collector shall receive as full compensation for his services in collecting the revenue, *except back taxes*, the following commissions and no more. Section 12959, Revised Statutes 1919 (Sec. 9969, R. S. 1929)

likewise then allowed fees to the collector of designated percentages to be paid by the taxpayer. Subdivision XIV of Section 12927, Revised Statutes 1919 (applicable only to the largest cities and counties) provided then, as it did after the 1933 amendment, that ''on all back taxes and all other delinquent taxes, he shall be allowed a commission of two per cent, which shall be added to the face of the tax bill and collected from the party paying such tax as a penalty in the same manner as other penalties are collected and enforced.'' It also provided that ''out of the residue of such commissions in his hands (after payment of expense vouchers) . . . he shall be allowed and authorized to retain, as far as the said residue of commissions in his hands will permit, a compensation at the rate of ten thousand dollars per annum.'' [See Sec. 13, Art. IX, Constitution; Harrington v. City of St. Louis, 107 Mo. 327, 17 S. W. 897; Quaere: Would it be contended that a collector could keep all fees collected on back taxes if this made his total fees exceed the Constitutional limit?] Subdivision XV (applicable to all smaller counties) provided, in 1919 and up to the time of the 1933 amendment, ''that no collector shall be allowed to retain over nine thousand dollars of commissions and fees in any one year except as provided in subdivision fourteen herein; and all fees and commissions coming into the hands of any collector *from any source whatever* in excess of nine thousand dollars, except as provided in subdivision fourteen, shall be paid into the city, county and state treasuries in proportion to the amount received on taxes collected for each; and it shall be the duty of each collector, once in each year, to file in the county court in each county and in the office of the comptroller of each city not in county, a statement, under oath of the amount of fees and commissions received by him and from what source, and shall immediately pay over the excess according to the order of county court or comptroller: . . . Provided, that the compensation of the county collector for the collection of the levee taxes and ditch taxes, collected for drainage purposes, shall be one per cent of the amount collected.''

Construing the 1919 statute (subdivision XV was the same as in the 1909 statute) this Court en Banc in the Fulks case said:

''It is admitted that the proviso of subdivision 15 of Section 12927, Revised Statutes 1919, that no collector shall be allowed to retain over $9000 of commissions and fees in any one year except as provided in subdivision 14, is applicable to Buchanan County, but it is contended that this does not include his commissions on delinquent and back taxes; that Section 12959, Revised Statutes 1919, allows the collector an additional four per cent commission for collecting delinquent and back taxes. . . . The only instance in which the collector may retain more than $9000 for his fees and commissions is the one per cent allowed for the collection of the levee taxes and

ditch taxes. . . . We think the conclusion reached in the Heth-cock Case and in State ex rel. v. Hawkins, 169 Mo. 615, 70 S. W. 119, that, under the facts of those cases, the collector was entitled to retain the four per cent commissions on the delinquent and back tax collections, is not applicable to the facts of this case. . . . It is obvious that, under the facts in the Hawkins (169 Mo. 615), Heth-cock (200 Mo. 170), and Dameron Cases (264 Mo. 103), Section 12959, which is a statute couched in general terms, was applicable and con-trolling. (These same cases are relied on by respondent here but the question of limitation upon *total amount* to be retained was not in-volved in any of them.) But it is admitted that this case is within the provision of subdivision 15 of Section 12927. It must be obvious that 'to the extent of any necessary repugnancy between them, the special will prevail over the general statute.' The canons of con-struction require that the two statutes relating to the same subject should be harmonized and read together as constituting one law; the special being viewed as an exception to the general statute; other-wise the proviso of subdivision 15 is meaningless. Our conclusion is that Fulks was not entitled to retain (all) the four per cent commis-sions on delinquent and back taxes provided by Section 12959, Re-vised Statutes 1919 but was required to account for all commissions, in his annual settlements, in excess of $9000. . . . The penalties and four per cent commissions imposed by Section 12959, Revised Statutes 1919, are paid by the delinquent taxpayers in addition to the taxes levied. Except as provided by Section 12927, subdivision 15, these commissions are retained by the collector for his extra serv-ices. Under subdivision 15, 'all fees and commissions coming into the hands of any collector from any source whatever in excess of nine thousand dollars . . . shall be paid into the city, county and state treasuries in proportion to the amount received on taxes col-lected for each.' . . . The county was not entitled to recover the four per cent commissions received by the collector on delinquent taxes, collected for the school district. . . . The collector is not entitled to retain them, his commissions and fees being limited to $9000 for any one year. It clearly belongs to the school district as an increment, and should have been paid over to the treasurer there-of.''

Certainly subsection 15 as amended in 1933 is even more definite, than the statute construed in the Fulks case, in prohibiting a col-lector from retaining all fees collected on delinquent taxes, if his total fees would exceed the maximum amount he is authorized to retain, and it, therefore, cannot be given the construction, for which respondent contends without overruling the Fulks case. It reads, as follows:

''Provided, that no collector, except as provided in subdivision fourteen herein, shall be allowed to retain commissions and fees in

any one year in excess of the following amounts; . . . in any county coming within the provisions of subdivision ten, not more than $4000; . . . and all fees and commissions coming into the hands of any collector *from any source whatever in excess of the amounts herein specified,* except as provided in subdivision fourteen, shall be paid into the city, county and state treasuries in proportion to the amount received on taxes collected for each; . . . provided, that the *limitation on the amount to be retained as herein provided shall apply to fees and commissions on current, back and delinquent taxes,* but shall not apply to commissions on the collection of ditch and levee taxes, and the compensation of the county collector for the collection of levee taxes and ditch taxes, collected for drainage purposes, shall be one per cent of the amount collected.''

Therefore, even if the Fulks case was overruled and if it should be held that ''all fees and commissions coming into the hands of any collector *from any source whatever''* mentioned in subdivision 15 did not include fees collected on delinquent taxes, it would still be impossible to ignore the plain specific provision in subdivision 15 of the 1933 act stating that ''the limitation on the amount to be retained as herein provided *shall apply to fees and commissions on current, back and delinquent taxes.''* What language could be used to more specifically place fees collected on delinquent taxes within ''the limitation on the amount to be retained'' by the collector? We hold that this is what it does mean, and that ''all fees and commissions coming into the hands of any collector from any source whatever'' (except ''commissions on the collection of ditch and levee taxes'') in excess of the specified limitations *must* ''be paid into the city, county (school district, according to the Fulks case) and state treasuries in proportion to the amount received on taxes collected for each.'' Respondent calls attention to Laws 1937, page 548, by which Section 9935 was ''repealed and a new section clarifying said law and pertaining to the same subject matter . . . enacted.'' In this 1937 act, it is provided in subdivision 15 that *''the limitation on the amount to be retained as herein provided* shall apply to fees and commissions on current taxes, but *shall not apply to commissions on the collection of back and delinquent taxes* and ditch and levee taxes.'' (See similar provision added to subdivision 14.) It seems clear that this italicized portion of subdivision 15 of the 1937 act (''shall not apply to commissions on . . . delinquent taxes'') has exactly the opposite meaning from the language used, in subdivision XV of the 1933 act (''shall apply to . . . commissions on . . . delinquent taxes'') with respect to whether fees collected on back taxes were to be included within the maximum amounts allowed to be retained by collectors. Respondent says by using the word ''clarifying'' the Legislature intended to declare that the old law and the new law should be construed to mean the same. The Legislature,

however, had no power to give the new law retroactive effect by any recital in the title or otherwise. [Sec. 15, Art. 2: see, also, Sec. 8, Art. 14, Constitution.] We cannot assume that any such retroactive effect was intended.

The judgment is reversed and the cause remanded with directions to proceed in accordance with the rulings herein made. *Ferguson* and *Bradley, CC.,* concur.

PER CURIAM:—The foregoing opinion by HYDE, C., is adopted as the opinion of the court. All the judges concur, except *Lucas, J.,* 'not sitting.