Honorable George W. Lehr State Auditor State Capitol Building Jefferson City, Missouri 65101
Dear Mr. Lehr:
This opinion is in response to your question asking as follows:
 "Please refer to Attorney General Opinion No. 165-1971, Hunter. The conclusion does not mention current delinquent taxes which we will define as those collected during the months of January and February.
 "Is a third or fourth class county (other than township) collector entitled to commissions for the collection of current delinquent taxes under both Sections 52.260
and 52.290, RSMo 1969? If not, to which is he entitled?"
You ask that your question include subsections (1) through (15) of Section 52.260, RSMo Supp. 1975, for all third and fourth class counties other than township organization counties.
You have referred to our Opinion No. 165, dated April 8, 1971, to Hunter, in which this office concluded that in determining the rates of commissions of county collectors of third class counties whose offices fall within subsection 14(a) of Section 52.260, RSMo 1969, insofar as county collectors are concerned, the phrase "tax bills placed in his hands," as referred to in subsection 14(a) of Section 52.260, RSMo, does not include back taxes for prior years and that a collector is entitled to a commission for collecting back taxes for prior years only in accordance with Section 52.290, RSMo.
Section 52.260, now found in RSMo Supp. 1975, has been amended since the issuance of Opinion No. 165, 1971, but such amendment does not affect the conclusion we reached in that opinion. Such section still excludes commissions for "back, delinquent, and ditch and levee taxes." Section 52.290, RSMo, has not been amended and still provides that in all counties collectors shall be allowed a commission for the collection of delinquent and back taxes of two percent for all sums collected to be added to the face of the tax bill and collected from the party paying the tax. It has been said inState v. Davis, 73 S.W.2d 406, 407 (Mo.Banc 1934), that ". . . before taxes become delinquent, they must have been current. . . ." And, it has been held in State ex rel. White v. Fendorf,296 S.W. 787, 789 (Mo. 1927), that:
 ". . . `back tax' means the same as `delinquent tax,' and . . . both terms apply to taxes remaining unpaid on January 1st of the year after which the assessment was made, and at any time thereafter. . . ."
There does appear to be some distinction between real estate back taxes and delinquent taxes in that such back taxes are delinquent taxes which have been placed in the back tax book.
We are of the view that current delinquent taxes are necessarily "delinquent" taxes within the meaning of Sections 52.260
and 52.290.
Therefore, under the reasoning of Opinion No. 165, 1971, in which we distinguished the holding of the court in State ex rel.Shannon County v. Hawkins, 70 S.W. 119 (Mo. 1902), and cases which relied upon Hawkins, we conclude that the collector of such a third or fourth class county is entitled to commissions for collecting "current delinquent taxes" only in accordance with Section 52.290, RSMo 1969.
CONCLUSION
It is the opinion of this office that none of the commissions provided for collectors of third and fourth class counties not having township organization under the provisions of the subsections of Section 52.260, RSMo Supp. 1975, apply to the collection of current delinquent taxes and that such collectors are entitled to only the commissions provided in Section 52.290, RSMo, for collecting such taxes.
The foregoing opinion, which I hereby approve, was prepared by my assistant, John C. Klaffenbach.
Yours very truly,
 JOHN C. DANFORTH Attorney General