STATE of Missouri, ex rel. AD
TREND, INC., Appellant,

v.

CITY OF PLATTE CITY, Missouri,
and Tom Wooddell,
Respondents,

Missouri Attorney General, Defendant.

No. WD 68559.

Missouri Court of Appeals,
Western District.

May 13, 2008.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Nov. 25, 2008.

As Modified Nov. 25, 2008.

Application for Transfer Denied
Jan. 27, 2009.

Mark Epstein, Kansas City, MO, for appellant.

Robert Jester, Kansas City, MO, for respondent.

Before VICTOR C. HOWARD, Chief Judge, HAROLD LOWENSTEIN, Judge and THOMAS NEWTON, Judge.

VICTOR C. HOWARD, Chief Judge.

Ad Trend, Inc. (Ad Trend), an Oklahoma corporation in the outdoor advertising business, sought a municipal sign permit for the construction of a new billboard in the City of Platte City, Missouri (the City). While Ad Trend's application for a permit was pending, the City amended its zoning ordinance to prohibit new billboards of the type Ad Trend wanted to construct. The City then denied the permit. Ad Trend sought a declaratory judgment declaring that the City's zoning ordinance violated the Missouri Billboard Act and that it impaired Ad Trend's vested rights. Ad Trend also sought a writ of mandamus forcing the codes officer to issue the permit. The City requested and the trial court granted a motion for summary judgment as to all counts. Ad Trend now appeals. We affirm the trial court's judgment.

### Facts and Background

In May of 2005, Ad Trend entered into a lease with GasMart USA (GasMart) to erect an outdoor advertising sign on GasMart's property located within Platte City, Missouri. Ad Trend then applied for and received a permit from the Missouri Department of Transportation. On October 26, 2006, Ad Trend filed a municipal application with the City to erect an outdoor advertising sign on the GasMart property. Ad Trend later learned that it also needed a municipal building permit, and on November 8, 2005, it sought a building permit for the structure. On November 14, 2005, the mayor of the City sent a letter to GasMart noting that City regulations would not prohibit the construction of the new billboard but the mayor did not be-

lieve that the sign was beneficial to the quality of developments in the area. After receiving a copy of this letter, which indicated that City regulations would not prohibit the sign, Ad Trend purchased the materials necessary to construct the billboard.

On November 30, 2005, Ad Trend sent a letter to the mayor requesting information concerning the application for the sign permit. The City's attorney responded with a letter, which noted that once a sign application is made, the City has ninety days to consider the application. After this letter was sent, but before the City made a decision concerning the application, the City altered its zoning code. The new code stated:

> Outdoor advertising signs, as defined in Section 29.020 [1] of this ordinance are prohibited. This prohibition is in the interest of minimizing visual distracters on the roadways of the City that may pose traffic safety hazards and also in the interest of preserving the aesthetic appeal of the City. However, any outdoor advertising signs lawfully constructed and maintained under the provisions of this ordinance prior to the date of the enactment of this provision shall not constitute a violation of this section.

On February 15, 2006, the City denied Ad Trend's permit application. Ad Trend did not pursue an appeal with the city authorities or exercise a right to review the zoning enforcement officer's decision pursuant to the City's Zoning Code.

Ad Trend then filed a petition seeking a writ of mandamus and declaratory judgment. The trial court granted summary judgment for the City on all counts, and this appeal follows.

### Standard of Review

In the instant appeal, we review the trial court's grant of summary judgment in favor of respondent City. "When considering appeals from summary judgments, [we] will review the record in the light most favorable to the party against whom judgment was entered." *ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). "Our review is essentially *de novo*. The criteria on appeal for testing the propriety of summary judgment are no different from those which should be employed by the trial court to determine the propriety of sustaining the motion initially." *Id.*

### The Billboard Act and Section 71.288

■ A brief review of the applicable statutes is appropriate prior to determining the merits of the appeal. In 1965, the Missouri Legislature enacted the Billboard Act, the purpose of which, among other objectives, was "to reduce the number of signboards crowding the highways." [2]

---

1. Platte City Ordinance, section 29.020 defines "outdoor advertising signs" as "[a] sign including the type commonly known as a billboard, which directs attention to a business, commodity, service, entertainment, or attraction conducted, sold, offered or existing: a. elsewhere than upon the same plot where such sign is displayed; or b. not for the principal use of such plot."

2. Section 226.500 states:
 > The general assembly finds and declares that outdoor advertising is a legitimate

commercial use of private property adjacent to the interstate and primary highway systems and that it is necessary to regulate and control same to promote highway safety, to promote convenience and enjoyment of highway travel, and to preserve the natural scenic beauty of highways and adjacent areas. The general assembly further declares it to be the policy of this state that the erection and maintenance of outdoor advertising in areas adjacent to the interstate and primary highway systems be regulated in accordance with sections 226.500

*Redpath v. Mo. Highway & Transp. Comm'n*, 14 S.W.3d 34, 39 (Mo.App. W.D. 1999). The Billboard Act provides a variety of regulations on billboards within 660 feet of highways. *See* § 226.540 [3] (regulations concerning the size, lighting, and spacing of billboards among other things). Under this version of the statute, the Missouri Billboard Act "was preemptory and . . . ordinance provisions which prohibited billboard construction which the Missouri Billboard Act permitted were invalid." *State ex rel. Drury Displays, Inc. v. City of Shrewsbury*, 985 S.W.2d 797, 799 (Mo. App. E.D.1998).

■ The legislature provided additional discretion to cities and counties in 1997 by passing section 71.288. *See id.* That statute provides that "[a]ny city or county shall have the authority to adopt regulations with respect to outdoor advertising that are more restrictive than the height, size, lighting and spacing provisions of sections 226.500 to 226.600, RSMo." § 71.288. "Section 71.288 thus grants municipalities the authority to regulate outdoor advertising beyond that provided in the Missouri Billboard Act. . . ." *Wall USA, Inc. v. City of Ballwin*, 53 S.W.3d 168, 171 (Mo.App. E.D.2001). The regulations in section 226.540 provide a set of default standards for new billboard construction, and section 71.288 grants authority to cities and counties to pass more restrictive ordinances.

to 226.600 and rules and regulations promulgated by the state highways and transportation commission pursuant thereto.

3. Unless otherwise indicated, all citations to statutes refer to Missouri Revised Statutes 2000 and all citations to rules refer to Missouri Supreme Court Rules (2008).

4. The City argues that we need not reach any of the substantive issues because Ad Trend failed to exhaust its administrative remedies. The City, however, cites no authority and

## Analysis[4]

Ad Trend raises three points of error for our review. It claims section 71.288 does not authorize a city to enforce an outright ban on new billboard construction, that the City applied the amended version of the ordinance rather than the ordinance in effect when the application was made, and the City did not have ninety days to determine the merits of the application.

■ The City was authorized to prohibit the billboard in question. Section 71.288 provides that "[a]ny city or county shall have the authority to adopt regulations with respect to outdoor advertising that are more restrictive than the height, size, lighting and spacing provisions of sections 226.500 to 226.600 RSMo." Ad Trend posits multiple theories tending to support its position that the City is prohibited from banning outright all billboards.

■ First, Ad Trend claims that the permissive language of the Missouri Billboard Act prohibits a city from banning all varieties of outdoor advertising. For instance, the Act states "outdoor advertising shall be permitted within six hundred and sixty feet of the nearest edge of the right-of-way of highways." § 226.540. Ad Trend also claims that the expressed intent of the legislature is to permit billboards. Section 226.500 states "[t]he general assembly finds and declares that outdoor advertising is a legitimate commercial use of private

gives us little more than a single sentence to support this assertion. In its reply brief, Ad Trend seems to ignore the issue altogether. As the City briefed the issue with a lack of gumption, Ad Trend failed to address the issue altogether, the record is less than clear as to what administrative remedies were available, and as seen below, its determination makes no difference to the disposition of the appeal, we do not reach the issue. We make no statement concerning the applicability of the exhaustion doctrine to the current facts.

property adjacent to the interstate and primary highway systems and that it is necessary to regulate and control same." This designation of billboards as a "legitimate commercial use," so claims Ad Trend, prohibits cities from banning billboards. This statutory language must, however, be read with other provisions relating to the same topic. "[T]wo statutes relating to the same subject should be harmonized and read together as constituting one law...." *State v. Gilmore*, 342 Mo. 1232, 119 S.W.2d 805, 807 (1938). *See also In the Estate of Goldschmidt*, 215 S.W.3d 215, 225 (Mo.App. E.D.2006) ("Where two statutes concern the same subject matter, they must be read together and harmonized and effect must be given to the terms of each statute."). The permissive default language as well as the statement of general legislative intent must be read together with the language of section 71.288 providing significant regulatory authority to cities and counties. The Missouri Billboard Act sets the minimum regulations to prevent Missouri from losing federal highway funds. *C.C. Dillon Co. v. City of Eureka*, 12 S.W.3d 322, 330 (Mo. banc 2000). Section 71.288 is "the state's election to allow local governments to exercise more than the minimum regulatory control necessary to maintain the state's federal highway funds." *Id.*

Ad Trend posits that the Missouri Billboard Act was repealed and reenacted in 2002, five years after section 71.288 provided cities and counties with authority to restrict the height, size, lighting, and spacing of billboards. Even if we were to ignore the fact that no legislative history is in the record, it is unclear how this reenactment of the Missouri Billboard Act would affect our reading of section 71.288. As indicated earlier, "two statutes relating to the same subject should be harmonized and read together as constituting one law." *Gilmore*, 119 S.W.2d at 807. Even if the Billboard Act was a more recent legislative enactment than section 71.288, we would still read the two statutes together to provide cities and counties with the authority to create regulations more restrictive than the Billboard Act.

Ad Trend cites *National Advertising Co. v. Missouri State Highway & Transportation Commission*, 862 S.W.2d 953 (Mo.App. E.D.1993), and *Outcom, Inc. v. City of Lake St. Louis*, 960 S.W.2d 1 (Mo. App. E.D.1997), for the proposition that a city may not pass an ordinance that prohibits the construction of all new billboards. *National Advertising* held that the Missouri Billboard Act preempted the local authority to regulate billboards. 862 S.W.2d at 954. The reliance on these cases is error. The Eastern District of this court issued both of these opinions prior to the legislature's amendment of section 71.288 to include an explicit authorization of cities and counties to pass billboard ordinances more restrictive than the Billboard Act. It is unclear how these cases bear on the current issue as the overriding statutory scheme has since been fundamentally altered.

Ad Trend devotes many pages in its brief to an argument that section 71.288 only permits the City to regulate height, size, lighting, and spacing of billboards—it does not provide cities with the authority to prohibit the construction of all [5] new billboards. Al Trend's reading of the statute would authorize the City to permit only unlit billboards the size of a postage

---

5. Of course, the ordinance does not ban *all* new billboards, but only all "outdoor advertising signs" as defined by Platte City Ordinance section 29.020. The ordinance excepts from the definition signs directing attention to products and services existing on the plot where the sign is located.

stamp spaced more than two miles apart while prohibiting the same practical result – a total prohibition of billboards. We find this tack unpersuasive. We interpret the ordinance to mean an authority to adopt regulations more restrictive *than* whatever the Billboard Act provides for.[6] This authority allowed the City to prohibit the new billboard that is the subject of this case.

 Ad Trend next claims that the City was required to apply the ordinance in effect at the time the billboard application was sought rather than the ordinance in effect when the billboard permit was denied. Ad Trend, however, does not support this assertion with relevant authority or indicate there is an absence of authority and instead attempts to foist that duty on this court. We decline to do so. "It is not the function of the appellate court to serve as advocate for any party to an appeal." *Thummel v. King,* 570 S.W.2d 679, 686 (Mo. banc 1978).

> [I]f the point advanced is not a matter of first impression and is not simply a matter of logic or policy or analysis of statutory or documentary language ... the court on appeal need not search for precedential support to overrule the contention. If the point is one for which precedent is appropriate and available, it is the obligation of appellant to cite it if he expects to prevail. We suggest that if the point is one for which it is believed that precedent for or against it is unavailable, counsel would be well advised to specifically so state under the point in

question, explaining why citations are unavailable.

*Id.* at 687. "Because [Ad Trend] 'neither cites relevant authority nor explains why such authority is not available, the appellate court is justified in considering the point abandoned.' " *Reid v. Steelman,* 210 S.W.3d 273, 281 (Mo.App. W.D.2006) (citation omitted). *See also* Rule 84.13 ("allegations of error not briefed or not properly briefed shall not be considered in any civil appeal....."). We therefore deem the point abandoned.

 Similarly, Ad Trend claims that the City did not have ninety days to determine whether or not to grant or deny the permit. It does not, however, indicate how long the City did have to determine whether to grant or deny the permit. Nor did it provide any indication that the City had less time than was actually taken to deny the permit. "Allegations asserted in an appellate brief which are unsupported by the record cannot form the basis of error on appeal." *State v. Wolford,* 754 S.W.2d 875, 880 (Mo.App. W.D.1988). We are unable to grant relief without an appellate record indicating that the City was required make its decision in less than ninety days. Moreover, at oral arguments Ad Trend represented that all ministerial acts must be undertaken as soon as practicable. However, in its brief, no authority was cited to support this contention. Its brief calls the ninety-day gap between filing the application and the denial "unconstitutional"[7] and "wholly improper" yet does not

---

6. We make no statement concerning the constitutionality of the current ordinance and only discuss the point raised, namely, the authority of a city under the statute to prohibit the construction of new billboards.

7. While this court has appellate jurisdiction over claims questioning the constitutionality of municipal ordinances, *see G.Q. Gentlemen's Quarters, Inc. v. City of Lake Ozark,* 83

S.W.3d 98, 100 (Mo.App. W.D.2002), no constitutional arguments were indicated in the point relied on, and no citation to authority explaining the application of the doctrine to municipal ordinances was found in the argument. We do not believe the constitutional claim was adequately raised. *See* Rule 84.13(a).

explain how such a pause in the evaluation of the ordinance violates any duty owed. Attaching pejoratives to the questioned act is no substitute for legal reasoning, research, and citation to the record.

We, therefore, affirm the summary judgment.

All concur.