**WALL USA, INC., Plaintiff/Appellant,**

**and**

**Bi–State Development Agency of the Missouri–Illinois Metropolitan District, Intervenor/Appellant,**

**v.**

**CITY OF BALLWIN, Missouri and City of Sunset Hills, Missouri, Defendants/Respondents.**

Nos. ED 79366, ED 79401.

Missouri Court of Appeals,
Eastern District,
Division Seven.

June 12, 2001.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 9, 2001.

Application for Transfer Denied Sept. 25, 2001.

Stephen J. O'Brien, for Wall USA.

Lawrence C. Friedman & Matthew S. Darrough, St. Louis, MO, for Bi–State.

Lionel L. Lucchesi & Philip B. Polster, St. Louis, MO, for Respondent City of Ballwin.

Robert E. Jones, Clayton, MO, for Respondent City of Sunset Hills.

W. Dudley McCarter, Clayton, MO., for Amicus Curiae—Missouri & St. Louis County Municipal League.

CRANDALL, Judge.

Plaintiff, Wall USA, Inc., and intervenor, Bi–State Development Agency of the Missouri–Illinois Metropolitan District, brought separate appeals from the trial court's judgments in favor of defendant, City of Ballwin, Missouri, and in favor of defendant, City of Sunset Hills, Missouri, entered on multiple motions for summary judgment in a declaratory judgment action. The appeals were consolidated for our review. We reverse and remand.

In 1990, the Missouri Department of Transportation (hereinafter MoDOT) and Bi–State Development Agency of the Missouri–Illinois Metropolitan District (hereinafter Bi–State) entered into an agreement granting Bi–State and its contracted agents the right to install advertising panels in bus passenger shelters (hereinafter shelters) located on the state highway rights-of-way in St. Louis County. In December 1997, Bi–State contracted with Wall USA, Inc. (hereinafter Wall), giving Wall the exclusive right to construct and maintain the shelters at locations authorized by MoDOT on state highway rights-of-way in St. Louis County as well as the right to install advertising panels in the shelters. In 1999, MoDOT issued permits to Wall for the placement of four bus shelters in the City of Ballwin, Missouri (hereinafter Ballwin), and eight bus shelters in the City of Sunset Hills, Missouri (hereinafter Sunset Hills).

In December 1999, Ballwin issued a citation to Wall, alleging that the advertising signs in the shelters violated its sign code and were erected without permits from Ballwin. In January 2000, Sunset Hills issued a summons and complaint against Wall, alleging similar grounds as Ballwin. Sunset Hills also issued a complaint against Bi–State.

Wall then brought an action against Ballwin and Sunset Hills, requesting declaratory judgment and injunctive relief on the grounds that MoDOT, not Ballwin and Sunset Hills, had authority over advertising on the state highway rights-of-way. Ballwin and Sunset Hills counterclaimed,

asking the court to find that their respective ordinances were valid and that Wall violated them. The trial court granted Bi–State's motion to intervene, which asserted MoDOT's authority to issue permits for advertising on the shelters.

Wall moved for summary judgment against Ballwin and Sunset Hills, arguing MoDOT's exclusive jurisdiction over advertising signs on the state highway rights-of-way. Ballwin filed a cross-motion for partial summary judgment on the validity of its ordinances. Sunset Hills filed a cross-motion for summary judgment on all issues, requesting that the advertising panels be removed from the shelters. Bi–State filed a separate motion as intervenor, asking the court to grant summary judgment in favor of Wall.

The trial court found that Ballwin's sign ordinance was valid and enforceable, ordered the advertising removed from the shelters, and awarded Ballwin $542.00 as reasonable costs for the defense of the action and $21,771.00 for reasonable attorney's fees. In a separate judgment, the trial court denied Wall's motion for summary judgment; granted Sunset Hills's motion for summary judgment; entered judgment in favor of Sunset Hills and against Wall and Bi–State, finding that Sunset Hills's ordinances were valid and enforceable and ordering the advertising signs removed; and assessed costs equally against Wall and Bi–State. Wall and Bi–State appeal.[1]

Appellate review of the grant of summary judgment is de novo. *ITT Commercial Fin. Corp. v. Mid–America Marine*

*Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). The record is reviewed in the light most favorable to the party against whom judgment was entered, according that party all reasonable inferences that may be drawn from the record. *Id.* Summary judgment will be upheld on appeal if the movant is entitled to judgment as a matter of law and no genuine issues of material fact exist. *Id.* at 377.

■ We first address whether MoDOT has jurisdiction over advertising on the state highway rights-of-way. The trial court found that section 227.220, RSMo (2000) did not permit MoDOT to authorize advertising signs within the state highway rights-of-way.

Here, there is no dispute that the shelters bearing advertisements were located entirely within the rights-of-way of state highways. Article IV, section 29 of the Missouri Constitution, in relevant part, grants to MoDOT "authority over all state transportation programs and facilities . . . including, but not limited to, . . . highways, . . . [and] mass transportation. . . ." Section 227.220.1, RSMo (2000) authorizes MoDOT, in part, "to prohibit and regulate the erection of advertising or other signs on the right-of-way of the state highways ." Section 227.220.2, RSMo (2000), in relevant part, makes it a misdemeanor for any person to erect or maintain "advertising signs . . . on the right-of-way of any state highway without the written permission" of MoDOT.

Municipalities[2] urge a narrow reading of section 227.220. They differentiate be-

---

1. This is the second appeal in this case. Previously, this court found that the judgments in favor of Ballwin and Sunset Hills were not final and appealable; and dismissed the appeal for lack of jurisdiction. *Wall USA, Inc. v. City of Ballwin*, slip op. Nos. 78308 & 78309 (Mo.App.E.D. March 13, 2001).

2. Throughout the opinion, for ease of understanding, we refer to the cities of Ballwin and Sunset Hills, together with the Missouri Municipal League and the St. Louis County Municipal League, which filed amici curiae briefs in this appeal, collectively as "municipalities."

tween the terms "authorize" and "regulate," arguing that the terms "prohibit and regulate" do not confer on MoDOT the power to "authorize" advertising unilaterally on the rights-of-way. They posit that "regulate" denotes that MoDOT has the power only to promulgate regulations concerning advertising on the state highway rights-of-way.

■ The primary rule of statutory construction is to ascertain the intent of the legislature from the language used, to give effect to that intent if possible, and to consider the words used in their plain and ordinary meaning. *Wolff Shoe Co. v. Dir. of Revenue*, 762 S.W.2d 29, 31 (Mo. banc 1988).

We recognize that of the terms "prohibit and regulate" used in section 227.220, the word "regulate" is subject to a more expansive interpretation than the term "prohibit." *See, e.g., Lauck v. Reis*, 310 Mo. 184, 274 S.W. 827, 832 (1925). Although Webster's Third International Dictionary (1981) does define regulate as to "make regulations for or concerning," it also defines regulate as "to govern or direct according to rule" or "to bring under the control of law or constituted authority." In addition, in *Lauck*, the Missouri Supreme Court concluded that under the Motor Vehicle Act, the power to regulate included the power to license, which meant "to permit or authorize." *Id.* Similarly, the power to regulate under section 227.220 includes the power to permit or authorize. The definitions of regulate do not indicate that MoDOT's authority is limited to merely promulgating regulations concerning advertising on the state highway rights-of-way.

Both the Missouri Constitution and section 227.220 confer jurisdiction on MoDOT over advertising within the state highway rights-of-way.

■ The next question is whether MoDOT's jurisdiction over advertising within the state highway rights-of-way is exclusive. The trial court found that municipalities had the authority to regulate the advertisements under section 71.288, RSMo (2000). Municipalities contend that their authority is concurrent with MoDOT's. Section 71 .288 provides in relevant part:

1. Any city or county shall have the authority to adopt regulations with respect to outdoor advertising that are more restrictive than the height, size, lighting and spacing provisions of sections 226.500 to 226.600, RSMo.

Section 71.288 thus grants municipalities the authority to regulate outdoor advertising beyond that provided in the Missouri Billboard Act, sections 226.500 to 226.600, RSMo (2000) (hereinafter Billboard Act).

Municipalities rely on *C.C. Dillon Co. v. City of Eureka*, 12 S.W.3d 322 (Mo. banc 2000) to support their theory of concurrent jurisdiction. In that case, MoDOT granted C.C. Dillon Co. (hereinafter Dillon) a permit to erect a billboard along a highway within the City of Eureka (hereinafter Eureka). *Id.* at 325. Eureka, however, denied Dillon's application for a permit to erect the billboard. *Id.* Dillon brought a declaratory judgment action, seeking a ruling that section 71.288 authorizing the city's more restrictive regulations was unconstitutional. *Id.* The court reasoned that the Billboard Act struck a balance between legitimate advertising and the need to ensure federal funding to Missouri in accordance with the Federal Highway Beautification Act. *Id.* at 327–328. The court found that section 71.288 enabled the municipalities to impose "height, size, lighting and spacing" requirements more restrictive than those of the Billboard Act. *Id.* at 329. Finding that section 71.288 was constitutional, the court stated that the statute reflected "the state's election to allow local governments to exercise more than the minimum regulatory control nec-

essary to maintain the state's federal highway funds." *Id.*

*Dillon,* however, does not stand for the proposition that municipalities have the power to impose restrictions on advertising within the state highway rights-of-way. The restrictions imposed by Eureka in *Dillon* were on signs located within 660 feet of the edge of the right-of-way. In addition, the Billboard Act refers to advertising signs within 660 feet of the nearest edge of the state highway rights-of-way, not to advertising signs within the state highway rights-of-way. Section 71.288 and the Billboard Act give municipalities jurisdiction over advertising located within 660 feet of the state highway rights-of-way, not within the rights-of-way. MoDOT's jurisdiction over advertising within the state highway rights-of-way is exclusive.[3]

Municipalities also contend that section 226.535, RSMo (2000) of the Billboard Act prohibits advertising signs in the highway rights-of-way, because it only authorizes MoDOT to erect specific types of signs, but not advertisements. That statute provides in relevant part:

> Signs, displays, and devices giving specific information of interest to the traveling public shall be erected and maintained within the right-of-way in such areas, in an appropriate distance from interchanges on the interstate system as shall conform with the rules and regulations promulgated by the highway department. . . .

■ We disagree that section 226.535 precludes advertising signs in the shelters in the rights-of-way. The statute pertains only to travel information signs, not to advertising signs; and places an affirmative duty on MoDOT to install and maintain travel signs. To read section 226.535

as municipalities suggest would bring that statute into conflict with section 227.220, which authorizes MoDOT to regulate the erection of "advertising and other signs" within the highway rights-of-way. Statutes which seemingly are in conflict should be harmonized so as to give meaning to both statutes. *State ex rel. Riordan v. Dierker,* 956 S.W.2d 258, 260 (Mo. banc 1997). When read in conjunction with section 227.220, section 226.535 cannot be interpreted to prohibit MoDOT from regulating advertising signs on the state highway rights-of-way.

The trial court erred, as a matter of law, in entering summary judgment against Wall and Bi–State and in favor of Ballwin and Sunset Hills, because Ballwin and Sunset Hills did not have the authority to regulate advertising on the shelters. The shelters were located within the state highway rights-of-way. MoDOT had the authority to issue permits for the advertising signs for those shelters and its jurisdiction over advertising signs within the state highway rights-of-way was exclusive.

■ Lastly, Wall and Bi–State challenge the trial court's award of attorney's fees to Ballwin. Missouri courts adhere to the "American rule," which states that, ordinarily, litigants must bear the expense of their own attorney's fees. *Lett v. City of St. Louis,* 24 S.W.3d 157, 162 (Mo.App. E.D.2000). Attorney's fees may be awarded to a successful litigant only where they are provided for by statute or by contract, where very unusual circumstances exist so it may be said equity demands a balance of benefits, or where the attorney's fees are incurred because of involvement in collateral litigation. *Id.* Ballwin justifies the award of attorney's fees in the instant action on the unusual-circumstances excep-

---

**3.** Municipalities analogize their jurisdiction over advertising on the highway rights-of-way to the jurisdiction they enjoy over setting speed limits on state highways within their boundaries. Section 304.010, RSMo (2000). Regulating speed limits, however, has little relationship to regulating advertising within the highway rights-of-way.

tion to the "American rule." We need not, however, address the issue of whether that exception applies. To be entitled to attorney's fees Ballwin must be successful in the action. In light of our holding that MoDOT had the authority to permit the advertising in the shelters, Ballwin is not the prevailing party and is not entitled to attorney's fees. The trial court erred in awarding attorney's fees to Ballwin.

The judgment of the trial court is reversed and the cause is remanded.

MARY K. HOFF, C.J. and
KATHIANNE KNAUP CRANE, J.:
Concur.