151 S.W.3d 846 (2004)
FIRST MISSIONARY BAPTIST CHURCH OF BALLWIN, a/k/a First Baptist Church of Ballwin, by and through its Board of Trustees, Plaintiffs,
v.
Richard ROLLINS, Press McDowell, John Hibbler, Loyse Clay, and Charlet Clay, et al., and Richard Rollins, Press McDowell, John Hibbler, Loyse Clay and Charlet Clay, derivatively, on behalf of the First Missionary Baptist Church of Ballwin, a/k/a First Baptist Church of Ballwin, Respondents,
v.
Anthony Barnes, Norma Clayton, Marva Gaylor, James Sheets, Kathy Simmons, Gary Fields, Ernest Schell, George Fulgham, Leonard White, David Lyons, and Kenneth Worsham, Appellants.
No. ED 83880.
Missouri Court of Appeals, Eastern District, Division One.
October 19, 2004.
Motion for Rehearing and/or Transfer Denied December 9, 2004.
Application for Transfer Denied January 25, 2005.
*848 Gregory F. Quinn, Quinn, Ground & Banton, L.L.P., Manchester, MO, for appellants.
Michael P. Stephens, Roger W. Pecha, Jenkins & Kling, P.C., St. Louis, MO, for respondents.
Before GARY M. GAERTNER, SR., P.J., SHERRI B. SULLIVAN, J. and BOOKER T. SHAW, J.
Motion for Rehearing and/or Transfer to Supreme Court Denied December 9, 2004.
PER CURIAM.
Appellants, Marva Gaylor, et al. ("Gaylor Representatives"[1]), appeal the judgment of the Circuit Court of St. Louis County in favor of respondents, Press McDowell, et al. ("McDowell Representatives"[2]) on their motion for partial summary judgment. We reverse and remand.
On May 22, 2002, the Gaylor Representatives acted on behalf of the First Missionary Baptist Church of Ballwin ("the Church") to file a petition for declaratory judgment and injunctive relief. The Gaylor Representatives sought a declaration as to who had the right and authority to govern the Church and to possess and control its assets, which include the Church's historical records, financial records, bank books, membership rosters, bank accounts, gifts, donations, and other funds. The Gaylor Representatives sought, among other things, to have the assets put in their possession and control and to prevent the McDowell Representatives from holding themselves out as the representatives of the Church.
Commerce Bank ("Commerce") interpleaded and filed a third party plaintiff's answer to the Gaylor Representatives' complaint. Commerce answered that it lacked sufficient knowledge or information to determine, among other things, which party has the right to possess and control the Church's assets. As a result, it denied the Gaylor Representatives' allegations pertaining to that question. Commerce then filed a motion for dismissal and order of discharge in which it asked that the suit against it be dismissed, that it be discharged from all liability with respect to the funds it interpleads into the registry of the court, and that it be awarded reasonable attorney's fees and costs. The trial court granted Commerce's motion, ordering it to deposit into the registry of the court the five accounts described in its petition, less its attorneys' fees, and dismissing Commerce from the case.
The Gaylor Representatives admitted that the McDowell Representatives managed the affairs of the Church before April 13, 2002. On April 13, 2002, the Gaylor Representatives conducted a meeting at which they elected a Board of Directors and terminated the McDowell Representatives' control of the Church. The Gaylor Representatives allege that the April 13, 2002 meeting was a long overdue annual meeting of the Church's members at which Anthony Barnes, Norma Clayton, Marva Gaylor, and James Sheets were validly elected to the board of directors.
The McDowell Representatives, derivatively and on behalf of the Church, filed a third party petition for declaratory judgment against the Gaylor Representatives in their individual capacities. This petition sought a declaration that the April 13, 2002 election was void and that the McDowell *849 Representatives are the proper authority to manage the affairs of the Church.
The McDowell Representatives filed a motion for partial summary judgment, maintaining the April 13, 2002 election was illegal and void. The McDowell Representatives argue the April 13, 2002 meeting was called by Gary Fields, Ernest Schell, and David Lyons, who are not listed as officers or directors in the 2001 Annual Registration Report and who also did not manage the Church's affairs before the meeting. Further, they argue notice of the meeting did not identify the purpose of the meeting and was not provided within ten days.
The trial court granted the McDowell Representatives' motion for partial summary judgment. In its Order and Judgment, it found "the purported election of April 13, 2002 was null, void and held for naught" and reinstated the McDowell Representatives as church leaders for all legal, financial, and other matters. The trial court also dismissed the Gaylor Representatives' original petition without prejudice.
When reviewing a grant of summary judgment, we view the record in the light most favorable to the party against whom judgment was entered. ITT Commercial Finance v. Mid-Am. Marine, 854 S.W.2d 371, 376 (Mo.banc 1993). "Our review is essentially de novo." Id. We will uphold the trial court's judgment if there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Id. at 381. The moving party has the burden to show it has a right to judgment as a matter of law and that there is no genuine issue of material fact. Id. at 378. The moving party's burden includes a duty to show the other party's affirmative defenses fail as a matter of law. Northwest Plaza, L.L.C. v. Michael-Glen, 102 S.W.3d 552, 558 (Mo.App. E.D.2003).
We will address the Gaylor Representatives' second point first.
In their second point on appeal, the Gaylor Representatives argue the trial court erred in granting the McDowell Representatives' motion for summary judgment because the Gaylor Representatives were the directors of the Church because they were properly elected at the April 13, 2002 meeting.
"If the corporation has members, all the directors, except the initial directors, shall be elected at the first annual meeting of members, and at each annual meeting thereafter, unless the articles or bylaws provide some other time or method of election ..." Section 355.326.1 RSMo. (2000).[3] At the annual meeting, the president and chief financial officer shall report on the activities and financial condition of the corporation and the members shall consider and act on other matters raised consistent with statutory notice requirements. Section 355.231.4.
In this case, the Gaylor Representatives argue the April 13, 2002 meeting was a long overdue annual meeting because there was no other evidence of an annual meeting ever being held. The Gaylor Representatives further argue the Annual Stewardship/Discipleship Meetings did not qualify as annual meetings because there was no record that elections took place at these meetings. We disagree.
The Annual Stewardship/Discipleship Meetings were held every December. At these meetings, each "team leader" gave a report on his or her activities in the previous year and his or her plans for the next year. Further, the agendas from these Annual Stewardship/Discipleship Meetings *850 contained an entry for a report from the "Treasury Ministry," which included the previous year's income and expenditures as well as the projected income and expenditures for the next year. In contrast, the record shows the April 13, 2002 meeting did not include a report on the activities and financial condition of the corporation as required by Section 355.231.4.
Therefore, even if the Annual Stewardship/Discipleship Meetings do not qualify as annual meetings under Section 355.231.4, it is clear that the April 13, 2002 meeting did not qualify as an annual meeting.
Because the April 13, 2002 meeting was not an annual meeting, we will consider whether it was a proper "special meeting." Section 355.236 provides:
1. A corporation with members shall hold a special meeting of members:
(1) On call of its board or the person or persons authorized to do so by the articles or bylaws; or
* * *
5. Only those matters that are within the purpose or purposes described in the meeting notice required by section 355.251 may be conducted at a special meeting of members. Section 355.236.
In this case, it is clear that the Board did not call the meeting, and there is no evidence that the Articles or Bylaws include provisions regarding who can call "special meetings." Further, the notice for the meeting does not say anything about the meeting's purpose, nor does it say the meeting is an overdue annual meeting.
Thus, the April 13, 2002 meeting was not a "special meeting" because it was not called according to the procedures set out in section 355.236. Further, because the notice for the meeting did not indicate that elections were to be held at the meeting, those elections are invalid. Sections 355.236.5 and 355.251.3(3).
Therefore, the trial court did not err in granting summary judgment on this point because the elections held at the meeting were invalid and had no legal force. Point denied.
In their first point on appeal, the Gaylor Representatives argue the trial court erred in granting the McDowell Representatives' motion for summary judgment because the McDowell Representatives failed to prove all elements of their claim and rebut all affirmative defenses.
The Gaylor Representatives argued, as an affirmative defense, the McDowell Representatives have failed to prove that they were members of the Church's Board of Directors. Further, the Gaylor Representatives contend the McDowell Representatives have failed to establish that they have the authority to exercise corporate powers or manage the affairs of the Church. Thus, according to the Gaylor Representatives, they are not entitled to summary judgment.
The McDowell Representatives argue the question of whether they have proven they are the proper directors has nothing to do with the validity of the Gaylor Representatives' election. The McDowell Representatives maintain that all they had to do was demonstrate that the election was a nullity, returning the Church to the status quo ante.
The McDowell Representatives' motion for partial summary judgment asked for a declaration that the April 13, 2002 election was null, void, and held for naught as well as a reinstatement of the McDowell representatives as "leaders of the Church." Their argument is that making the McDowell Representatives "leaders of the Church" reinstates the status quo ante. *851 The Gaylor Representatives admitted in their answer to the third party petition for declaratory relief that the McDowell Representatives "managed the affairs of the Church prior to April 13, 2002."
However, section 355.316.1 states "[e]ach corporation shall have a board of directors, which may also be called a board of trustees, a board of regents or a board of overseers." Section 355.316.1. Further, all corporate powers shall be exercised and the corporation shall be managed under the authority and direction of its board. Section 355.316.2. The board of directors is elected at each annual meeting, unless the articles or bylaws provide otherwise. Section 355.326.1. If the articles and bylaws do not specify, the term for directors shall be one year. Section 355.331.1. However, if a director's terms expires and no successor director is elected, the director continues to serve until a successor is elected, designated or appointed and qualifies or until the number of directors decreases. Section 355.331.4.
In this case, there is no evidence of a valid election occurring. The directors listed on the 2001 Annual Registration Report ("ARR") do not coincide with the McDowell Representatives, who the parties agree were the "leaders of the Church" before the invalid election. Significantly, Press McDowell is not listed on the 2001 ARR, and of the seven directors listed on the 2001 ARR, three are not named as "leaders of the Church" in this case.
As noted above, section 355.316.1 does not provide for a body entitled "leaders of the Church" to have authority to control a not-for-profit corporation. Further, there is no evidence in the record showing the McDowell Representatives were properly elected to the board of directors. As a result, if we allowed the McDowell Representatives to be in charge of managing the Church's affairs, we would be violating the statutes set out above.
Therefore, we find that the trial court erred in granting the McDowell Representatives' motion for summary judgment because the McDowell Representatives failed to rebut all affirmative defenses. The Gaylor Representatives asserted as an affirmative defense that the McDowell Representatives are not members of the Church's Board of Directors. The McDowell Representatives have not shown that they are members of the Church's board of directors. Instead they have merely shown they were in control of the Church before the April 13, 2002 election. We cannot place the Church under the control of a body that is not its proper board of directors. Therefore, we cannot put the McDowell Representatives in control of the Church. Point granted.
In their third point on appeal, the Gaylor Representatives argue the trial court erred in awarding attorneys' fees to the McDowell Representatives.
Missouri courts follow the "American rule," which provides that, ordinarily, litigants must bear the expense of their own attorney's fees. Wall USA, Inc. v. City of Ballwin, 53 S.W.3d 168, 172 (Mo.App. E.D.2001). We can award attorney's fees to a successful litigant only where they are provided for by statute or contract, where very unusual circumstances exist such that equity demands a balance of benefits, or where the attorney's fees are incurred due to involvement in collateral litigation. Id.
We need not consider whether one of the above circumstances exists. To be entitled to attorney's fees the McDowell Representatives must be successful in the action. Id. Because we are reversing summary judgment, the McDowell Representatives are not the prevailing party and are *852 not entitled to attorney's fees. Therefore, the trial court erred in awarding attorney's fees to the McDowell Representatives.
The judgment of the trial court is reversed and the cause is remanded so that the trial court can order a meeting to be held according to sections 355.081.1 and 355.241.1(1) to properly elect a board of directors.
NOTES
[1] The Gaylor Representatives include Norma Clayton, Marva Gaylor, Anthony Barnes, James Sheets, Gary Fields, Ernest Schell, George Fulgham, Leonard White, David Lyons, and Kathryn Simmons.
[2] The McDowell Representatives include Richard Rollins, Press McDowell, John Hibbler, Loyse Clay, and Charlet Clay.
[3] All statutory references are to RSMo 2000 unless otherwise indicated.