**FIRST MISSIONARY BAPTIST
CHURCH OF BALLWIN,
et al., Respondents,**

v.

**Richard ROLLINS, et al., Appellants.**

No. ED 87320.

Missouri Court of Appeals,
Eastern District,
Division One.

June 30, 2006.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Aug. 17, 2006.

Application for Transfer Denied
Sept. 26, 2006.

---

1. All rule references are to Mo. Rules Crim. P.2004, unless otherwise indicated.

Ronald A. Norwood, St. Louis, MO, for appellant.

Gregory F. Quinn, Manchester, MO, for respondent.

CLIFFORD H. AHRENS, Judge.

Richard Rollins, Press McDowell, Loyse Clay, and Charlet Clay (collectively referred to herein as the "McDowell representatives") appeal the judgment of the trial court certifying election results and appointing a board of directors for the First Missionary Baptist Church of Ballwin, a/k/a First Baptist Church of Ballwin ("the Church"). The McDowell representatives claim the trial court erred in entering its judgment because it exceeded its

authority and jurisdiction in doing so. The McDowell representatives also claim the judgment was against the weight of the evidence. Finding no error, we affirm[1].

The present case involves a dispute which arose as a result of an election of the Church board of directors, held on April 13, 2002. The purported board of directors terminated the control of the McDowell representatives. Ultimately this board of directors, consisting of Marva Gaylor, Norma Clayton, Anthony Barnes, James Sheets, Gary Fields, Ernest Schell, George Fulgham, Leonard White, David Lyons, and Kathryn Simmons (collectively referred to herein as the "Gaylor representatives"), filed a petition for declaratory judgment and injunctive relief. They sought a declaration as to who had the right and authority to govern the Church and control its assets. The McDowell representatives filed a third-party petition against the elected board of directors and other members of the Church, the Gaylor representatives, seeking a declaration that the April 13, 2002, election was void. The trial court granted the McDowell representatives' motion for partial summary judgment, finding that the April 13, 2002, election was null and void. The court reinstated the McDowell representatives as the leaders of the Church and dismissed the remaining claims and issues with prejudice. The Gaylor representatives appealed the trial court's judgment, and this court reversed and remanded the court's decision in *First Missionary Baptist Church of Ballwin v. Rollins*, 151 S.W.3d 846 (Mo.App.2004) ("*First Missionary I*"). In *First Missionary I*, our court determined that the April 13, 2002, election was invalid. Because there was no evidence of a valid election, the court erred in granting

1. Respondents filed a motion to supplement the legal file, pursuant to Missouri Supreme Court Rule 81.12(e). The motion was taken with the case. Respondents' motion is granted.

summary judgment in favor of the McDowell representatives because they failed to show that they are the board of directors of the church. Thus, this court reversed the judgment of the trial court and remanded the cause for the trial court to order a meeting pursuant to sections 355.081.1 RSMo (2000) [2] and 355.241.1(1) to properly elect a board of directors for the Church.

The Gaylor representatives subsequently filed a motion asking the court to order a meeting and election of a board of directors. The trial court appointed a special master. The special master provided the court with a report, which recommended that a meeting would be impractical and a formal election by written ballot would be an appropriate alternative remedy pursuant to section 355.081. The special master suggested an at-large, write-in election, and noted that pursuant to section 355.081.2, the court could determine members eligible to vote. The special master concluded that the 2002 Directory contained the most fair and equitable list of members, as it was the last published list prior to commencement of litigation in the matter. The court adopted the suggestions of the special master, over the objections of the McDowell representatives, and ordered the election by written ballot to proceed. A report of the election procedure and results was submitted by the special master, indicating that a board of directors had been elected. The board of directors consisted of Marva Gaylor, Kenneth Worsham, Kathy Simmons, David Grandison, and James Sheets [3]. The court certified the election results and appointed the board of directors. The court overruled the objections of the McDowell representatives and denied their motion to vacate the certification of the results and

for evidentiary hearing. The McDowell representatives now appeal.

The McDowell representatives assert three points on appeal. Points one and three concern the court's determination of membership. Point two involves a claim regarding the failure of the trial court to follow the mandate from this court in *First Missionary I*. Because point two is a jurisdictional issue, we address it first.

In their second point on appeal, the McDowell representatives claim the trial court acted in excess of its jurisdiction by ordering an election that did not take place at a "meeting" of the members of the Church as required by our court's mandate in *First Missionary I*.

■■■ "The jurisdiction of the trial court on remand is determined by the mandate and opinion of the appellate court." *Outcom, Inc. v. City of Lake St. Louis*, 996 S.W.2d 571, 574 (Mo.App.1999) (citations omitted). The trial court is limited to entering a judgment which conforms to the mandate of the appellate court. *Id.* The court cannot depart from the judgment of the appellate court, and proceedings contrary to the mandate are null and void. *Id.*

■■■ As previously noted, in *First Missionary I*, this court reversed the grant of summary judgment in favor of the McDowell representatives and declared the April 13, 2002, election invalid. Our court held that, "[t]he judgment of the trial court is reversed and the cause is remanded so that the trial court can order a meeting to be held according to sections 355.081.1 and 355.241.1(1) to properly elect a board of directors." *First Missionary Baptist Church of Ballwin*, 151 S.W.3d at 852.

---

**2.** All further statutory references are to RSMo (2000).

**3.** Gaylor, Sheets, Simmons, and Worsham are all named respondents in the present appeal.

Section 355.241.1(1) provides that the circuit court may order a meeting to be held on application of "any member or other person entitled to participate in an annual or regular meeting. . . ." Pursuant to section 355.081.1, where such a meeting is impractical or impossible, the circuit court may order a written ballot or other vote be conducted in a manner the court finds to be fair and equitable under the circumstances.

Here, the McDowell representatives focus upon the court's use of the word "meeting" in *First Missionary I*. However, they ignore the language referring to section 355.081.1, which authorizes a written ballot or other form of obtaining votes of members where a meeting of a corporation is impractical. Given the particular circumstances of the present case, in which no board of directors was in place to dictate the time, place, or manner in which a meeting would occur to hold an election, the finding of the special master that a meeting was impractical was not unreasonable. The court in *First Missionary I* clearly stated that a meeting was to be ordered according to sections 355.081.1 and 355.241.1(1). Pursuant to section 355.081.1, the court ordered an election by written ballot, and this was within the mandate of the court in *First Missionary I*, and therefore, within the trial court's jurisdiction. Point denied.

In their first and third points on appeal, the McDowell representatives challenge the court's determination of who constituted a "member" eligible to vote in the election. In the first point, the claim focuses upon the court's improper infringement upon the First Amendment rights of the McDowell representatives in determining who was a "member" for purposes of voting. The third point on appeal concerns the evidentiary basis for this decision. Because we discuss the evidence of membership within our analysis of the First Amendment claim, we address both points together.

The special master determined that an at-large, write-in election would be fair. Pursuant to section 355.081.2, the special master noted that the court could determine who the members are for purposes of notice of the meeting and eligibility to vote in the election. In his report, which was adopted by the court, the special master noted that the 2002 Directory of the Church would be the most fair and equitable list of members because it was the last published list prior to commencement of the litigation. The McDowell representatives argue that the determination by the court regarding who was a member, and therefore eligible to vote in the election, constituted an improper infringement on the ecclesiastical authority of the Church to decide who qualifies as a member.

The First Amendment does not preclude the court's involvement in church disputes where the issue is one which deals purely with a religiously neutral civil law. *State ex rel. Gaydos v. Blaeuer*, 81 S.W.3d 186, 192 (Mo.App.2002); (citing *Gibson v. Brewer*, 952 S.W.2d 239, 246–47 (Mo. banc 1997); *Weaver v. African Methodist Episcopal Church, Inc.*, 54 S.W.3d 575, 581 (Mo.App.2001)). "Courts may [ ] exercise jurisdiction in disputes having no issues of religious doctrine, policy and practice so long as courts utilize a neutral-principles-of-law approach and judges do not become entangled in questions which are essentially religious." *Id.* at 193; (citing *Jones v. Wolf*, 443 U.S. 595, 604, 99 S.Ct. 3020, 61 L.Ed.2d 775 (1979)) (additional citation omitted).

Both the present case and *First Missionary I* concern the election of a board of directors for a not-for-profit corporation. At no time prior to the instant appeal did the McDowell representatives

argue that the action of the trial court with respect to the election of the board of directors violated their First Amendment rights. Instead, the McDowell representatives availed themselves of the court, seeking declaratory and injunctive relief with respect to the purported election of a board of directors which took place on April 13, 2002. The McDowell representatives' third-party claim repeatedly cited sections of the not-for-profit corporation law contained in Chapter 355 of the Missouri Revised Statutes as support for its allegations and request for relief concerning the purported election of a new board of directors.

The court in *First Missionary I* concluded that there was no evidence a board of directors was properly elected, and therefore, summary judgment was improper. *First Missionary Baptist Church of Ballwin*, 151 S.W.3d at 851. This court remanded the cause for an election of such board of directors. *Id.* at 852. Pursuant to section 355.081.1, and consistent with the mandate of our court in *First Missionary I*, the trial court appointed a special master and approved the recommendation of the special master to hold an election by written ballot.

A corporation is required to have a board of directors to manage its affairs, pursuant to section 355.316. On remand, the trial court considered only the issue of the election of a board of directors for the not-for-profit corporation of First Baptist Church of Ballwin. It did not make any determination regarding the government of the ecclesiastical affairs of the Church. The Church provided for its own ecclesiastical government in its constitution and by-laws, which were in place prior to the April 13, 2002, election, and the trial court did not interpret the constitution and by-laws in its determination regarding the election of the board of directors of the corporation.

Furthermore, the court did not consider any religious doctrine or ritual in its application of the not-for-profit statutes. Section 355.081.2 authorized the court to determine who the members were for purposes of voting. The court, pursuant to the report of the special master, determined that the 2002 church directory contained the most fair and equitable list of members for purposes of notice and voting because it was the last published list prior to commencement of litigation. Thus, the court looked only to a published list of members, which did not require any ecclesiastical contemplation. Therefore, the trial court did not improperly infringe upon the McDowell representatives' First Amendment rights.

■ Moreover, the decision of the trial court regarding who was considered a member was supported by the evidence. Richard Rollins, the pastor of the Church, testified that he used the "church roll" to determine who to send a certain document to. He described the "church roll" as a list of all the current members prior to the April 13, 2002, meeting. Rollins testified that this list was referred to as the church directory. Rollins also stated that in order to determine how many members there were in the Church, he would have to look at the church directory. Charlet Clay, the Church's administrative assistant, also testified that the church directory contains the categorization of "For the group of: Families—Active." She stated that this means "you're an active member."

As a result of this testimony, there was clearly sufficient evidence to support the court's finding that the 2002 church directory contained a list of members eligible to vote in the election. Both Rollins and Clay acknowledged that the directory was a list of members of the Church, and Rol-

lins specifically referred to the directory as a list of members prior to the April 13, 2002, meeting, which prompted the litigation. Therefore, the court's decision to use the 2002 church directory as a list of members eligible to vote was supported by sufficient evidence, and was not erroneous.

The McDowell representatives rely primarily upon *Rolfe v. Parker*, 968 S.W.2d 178 (Mo.App.1998) and *Serbian Eastern Orthodox Diocese v. Milivojevich*, 426 U.S. 696, 96 S.Ct. 2372, 49 L.Ed.2d 151 (1976) as support for their argument that the determination of membership is an ecclesiastical one which may not be made by the court. Both cases are distinguishable.

We agree with the McDowell representatives that the *Serbian* case clearly provides certain autonomy to a church to govern itself under the First Amendment. The United States Supreme Court determined that interference by the court in an internal church dispute inherently entails questioning the procedures the church governing body must follow pursuant to canon or ecclesiastical law. 426 U.S. at 713, 96 S.Ct. at 2382. This is the type of inquiry prohibited by the First Amendment. Id. Allowing an inquiry of this type would "undermine the general rule that religious controversies are not the proper subject of civil court inquiry." *Id.* However, the court in *Serbian* was faced with the consideration of issues significantly distinct from those in the present case.

In *Serbian*, a bishop was removed from a diocesan church, which was part of a hierarchical church structure. The Illinois Supreme Court determined that the proceedings to remove the bishop were defective under the regulations of the "Mother Church," within the hierarchical structure, and therefore, the removal was invalid. The United States Supreme Court granted certiorari to consider whether the Illinois Supreme Court improperly interfered with

the decision of a hierarchical church in violation of the First and Fourteenth Amendments. The United States Supreme Court held that the Illinois Supreme Court impermissibly rejected the decisions of the "highest ecclesiastical tribunals of this hierarchical church upon the issues in dispute...." 426 U.S. at 708, 96 S.Ct. at 2380. The Illinois Supreme Court also impermissibly substituted its own interpretation of the constitutions of the churches for that of the "highest ecclesiastical tribunals in which church law vests authority to make that interpretation." 426 U.S. at 721, 96 S.Ct. at 2386.

█ The First Amendment requires courts to decide property disputes within a church without resorting to underlying disagreements as to religious doctrine. *Serbian*, 426 U.S. at 710, 96 S.Ct. at 2381. In the present case, we are not faced with a decision regarding the internal removal of a religious leader within a hierarchical church as the court was in *Serbian*. Instead, pursuant to the appellate mandate, the trial court ordered an election of a board of directors for a not-for-profit corporation, pursuant to sections 355.081.1 and 355.241.1(1). Here, the court did not resolve the dispute regarding the election of a board of directors of the Church by delving into religious matters or by interpreting the constitution of the Church. Instead, the trial court considered only the 2002 church directory which contained a list of members to make a determination as to who would be entitled to notice and opportunity to vote in the election.

The McDowell representatives also point to *Rolfe v. Parker* to support their assertion that the court impermissibly decided ecclesiastical matters. In *Rolfe*, a group filed a petition against another faction within a church seeking an injunction and declaratory relief. Essentially, the dispute concerned two groups within the church

each of whom wished to have "apostles" of their choosing on the committee that managed the ecclesiastical and clerical affairs of the church. The trial court dismissed the petition because it concluded that the issue of who constituted the "authority" of the church was an ecclesiastical matter not to be considered by the civil courts. 968 S.W.2d at 179. The trial court determined that the apostles effectively governed the church, and therefore the determination as to who was authorized to be an apostle was an ecclesiastical one, not within the jurisdiction of the civil court. *Id,* at 181. The court of appeals affirmed this decision. *Id.* at 185.

Again, the present case is distinguishable. The court in *Rolfe* was faced with an issue of who was authorized to govern the church in ecclesiastical and clerical matters. Here, the court did not delve into ecclesiastical matters in its decision as to the procedure for the election. Moreover, the court was not making a decision as to who would govern the religious aspect of the Church, but instead was making a decision as to who was considered a "member" for purposes of voting in an election to determine the board of directors to govern the not-for-profit corporation First Baptist Church of Ballwin and manage its assets.

Here, the court considered only the application of the not-for-profit corporation laws, and the requirement therein that the corporation have a board of directors to manage its affairs. In doing so, the court did not delve into matters of religious doctrine, ritual, or practice. Instead, the court ordered an election by written ballot, as authorized under section 355.081.1. Pursuant to section 355.081.2, the court was authorized to determine who the members were for purposes of voting. The court did not consider any religious ritual or doctrine, but instead used the Church directory, which Rollins acknowledged was a list of the members of the Church, to determine who was eligible to vote in an election of the board of directors. As a result of the foregoing, we do not believe the trial court improperly involved itself in ecclesiastical matters in resolving a dispute between the parties regarding the election of the board of directors of the Church.

The judgment of the trial court is affirmed.

MARY K. HOFF, P.J. and PATRICIA L. COHEN, J., concurs.